(Nos. 46523-46526 cons.—)

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. HUME, INC., *et al.,* Appellees.

*Opinion filed March 24, 1975.*

DAVIS, J., dissenting.

William J. Scott, Attorney General, of Springfield, and William J. Cowlin, State's Attorney, of Woodstock (James B. Zagel, Assistant Attorney General, of Chicago, and Daniel A. Mengeling, Assistant State's Attorney, of Woodstock, of counsel), for the People.

James P. Hecht, of Woodstock, for appellees.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

The People appeal directly to this court (Rule 302(a)(1)) from the judgment of the circuit court of McHenry County holding the Illinois obscenity statute (Ill. Rev. Stat. 1971, ch. 38, par. 11—20) unconstitutional and dismissing four complaints charging defendants with obscenity. The complaints charged that defendants "exhibited an obscene motion picture, to-wit: an untitled underground co-feature."

Both the judgment of the circuit court and the filing of the People's brief in this court preceded the announcement of our second opinion in *People v. Ridens,* 59 Ill.2d 362. In their brief, filed subsequent to the announcement

of *Ridens,* defendants seek to persuade us that our judgment in *Ridens* was wrong. We have considered the arguments made and the authorities cited and adhere to our prior decision.

Defendants contend that if this court adheres to its decision in *Ridens,* this judgment must nevertheless be affirmed for the reason that retroactive application of the "authoritative construction" of the obscenity statute to this case is constitutionally impermissible.

In order to understand defendants' argument it is necessary to compare the pertinent portions of the *Roth-Memoirs* standards enunciated by the Supreme Court (*Roth v. United States,* 354 U.S. 476, 1 L. Ed. 2d 1498, 77 S. Ct. 1304; *Memoirs v. Massachusetts,* 383 U.S. 413, 16 L. Ed. 2d 1, 86 S. Ct. 975) with those stated in *Miller* (*Miller v. California,* 413 U.S. 15, 37 L. Ed. 2d 419, 93 S. Ct. 2607).

Under the *Roth-Memoirs* standards, so far as here pertinent, in order to hold that material was obscene it was necessary to establish that "(a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters." (383 U.S. 413, 418, 16 L. Ed. 2d 1, 6, 86 S. Ct. 975, 977.) Under the *Miller* standards the "basic guidelines" are "(a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest [citations], (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law." 413 U.S. 15, 24, 37 L. Ed. 2d 419, 431, 93 S. Ct. 2607, 2614-15.

Defendants argue that under *Miller* evidence of contemporary community standards is admissible only on the question of (a) appeal to the prurient interest, and is not admissible on the question of (b) patent offensiveness of

the sexual depiction in question. This supposed limitation, defendants contend, prejudices them, for the reason that at the time the complaints were filed, under *Roth-Memoirs,* they could have introduced evidence of contemporary community standards on the question of whether the material was patently offensive. They argue that such retroactive application of the law will deny them substantial constitutional guarantees of notice and due process.

In *Ridens,* in rejecting defendants' contention that the construction of the statute could be applied only prospectively we said: "Our holding that section 11–20 of the Criminal Code and the Moline obscenity ordinance are construed to incorporate parts (a) and (b) of the *Miller* rather than the *Memoirs* standards may not be applied retroactively if to do so renders their construction less favorable to defendants. (*People v. Patton,* 57 Ill.2d 43, 48.) In our opinion the changes do not have that effect, and we find no impediment to the retroactive application of the statute and ordinance as now construed." 59 Ill.2d 362, 374-5.

On this record we need not and do not engage in conjecture concerning the nature of the proof which defendants will offer, and of course, the appropriate time to determine the admissibility of evidence is when it is offered. At this time we are unable to say whether and in what manner the statute as now construed is less favorable to defendants than as formerly construed, and therefore we find no impediment to its retroactive application in this case.

For the reasons stated the judgment of the circuit court of McHenry County is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE DAVIS, dissenting:

I dissent from the holding of the majority in this case

for the reasons stated in my dissent in *People v. Gould* (1975), 60 Ill.2d 159, 165.