THIRD DIVISION
May 17, 2006

No. 1-04-3030

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
|       Plaintiff-Appellee, | ) Circuit Court of |
| | ) Cook County |
| v. | ) |
| | ) |
| JESSIE HARVEY, | ) Honorable |
|       Defendant-Appellant. | ) Frank Zelezinski, |
| | ) Judge Presiding. |

JUSTICE KARNEZIS delivered the opinion of the court:

Defendant Jessie Harvey was charged with three counts of attempt first degree murder, four counts of armed robbery and four counts of aggravated battery with a firearm in indictment No. 00 CR 12069. The victim was James Moses. Defendant was also charged with one count of armed robbery in indictment No. 00 CR 12146, wherein Antoine Lane was the victim. Following a bench trial, defendant was convicted of one count of armed robbery/discharging a firearm and causing great bodily harm (720 ILCS 5/18-2(a)(4) (West 2000)), and one count of aggravated battery with a firearm (720 ILCS 5/12-4.2(a)(2) (West 2000)), in No. 00 CR 12069. Defendant was also convicted of armed robbery/armed with a firearm (720 ILCS 5/18-2(a)(2) (West 2000)), in No. 00 CR 12146. Defendant now appeals from these convictions and argues: (1) his convictions violate the one-act, one-crime rule; (2) the penalty for armed robbery/discharging a firearm and causing great bodily harm is unconstitutionally disproportionate to the penalty for armed violence predicated on robbery; (3) his sentence is excessive; and (4) the mittimus must

be corrected.

The following evidence was presented at a joint bench trial on these indictments. On March 6, 2000, friends Antoine Lane and James Moses were sitting in Lane's car talking and looking at photographs. Lane's car was running and in gear, but Lane had his foot on the brake. Lane testified that as he and Moses were sitting there, he saw defendant walk out of a nearby alley, walk past the car and then return to the alley. Several minutes later, defendant tapped on the driver's-side window of Lane's car and told Lane to roll down his window. Defendant demanded Lane's wallet and money and pointed a gun at Lane's face. Lane opened his window and handed defendant his wallet and loose cash. Defendant told Moses to put his money on top of the car. When defendant put the money on top of the car, some of the cash fell to the ground. While defendant was bent over picking up the cash, Lane realized that he had an opportunity to get away so he removed his foot from the brake and accelerated. As the car pulled way, Moses saw defendant through the passenger window pointing a gun at him. Defendant fired the gun, shattering the passenger-side window. The bullet traveled through Moses' wrist and lodged in his stomach. Lane drove Moses to the hospital where surgery was required to remove the bullet from his stomach. In court, Moses showed the judge the scars on his wrist and stomach.

Assistant State's Attorney John Sullivan testified that defendant gave a statement in which he confessed to robbing Lane and Moses and firing a shot into the car.

After hearing all of the evidence, the trial court found defendant guilty in No. 00 CR 12069 of one count of armed robbery/discharging a firearm and causing great bodily harm (720 ILCS 5/18-2(a)(4) (West 2000)), and one count of aggravated battery with a firearm (720 ILCS 5/12-4.2(a)(2) (West 2000)), for robbing and shooting Moses. In addition, the trial court found defendant guilty of armed robbery/armed with a firearm (720 ILCS 5/18-2(a)(2) (West 2000)), in No. 00 CR 12146 for robbing Lane. The trial court sentenced defendant to 40 years' imprisonment for armed robbery/discharging a firearm and causing great bodily harm and 18 years' imprisonment for aggravated battery with a firearm. Defendant was sentenced to 18 years' imprisonment for the armed robbery of Lane. Defendant's sentences were to run consecutively (730 ILCS 5/5-8-4(a)(i) (West 2002)).

ONE ACT, ONE CRIME

Defendant first argues that his conviction for aggravated battery with a firearm in No. 00 CR 12069 should be vacated. Defendant maintains, and the State agrees, that the trial court improperly entered two convictions for defendant's act of shooting James Moses. Defendant was convicted of both armed robbery/discharging a firearm and causing great bodily harm to James Moses and aggravated battery with a firearm causing great bodily harm to James Moses. Under the one-act one-crime rule, multiple convictions arising out of a single physical act are prohibited. *People v. King*, 66 Ill. 2d 551, 566, 363 N.E.2d 838 (1977). We therefore vacate the less serious offense of aggravated battery. *People v. Garcia*, 179 Ill. 2d 55, 71, 688 N.E.2d 57 (1997) (under the one-act, one-crime rule, a sentence should be imposed on the more serious offense and the conviction on the less serious offense should be vacated).

PROPORTIONATE PENALTIES

Defendant next argues his 40-year sentence for armed robbery/discharging a firearm and causing great bodily harm is unconstitutional as it violates the proportionate penalties clause. Defendant was convicted of armed robbery/discharging a firearm and causing great bodily harm (720 ILCS 5/18-2(a)(4) (West 2000)) in No. 00 CR 12069, which is a Class X felony (punishable by 6 to 30 years' imprisonment (730 ILCS 5/5-8-1(a)(3) (West 2000)) "for which 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court" (720 ILCS 5/18-2(b) (West 2000)).

We are to presume that all statutes are constitutional. *People v. Sharpe*, 216 Ill. 2d 481, 487, 839 N.E.2d 492 (2005). As a result of this presumption, the party challenging the constitutionality of a statute bears the burden of demonstrating that a constitutional violation exists. *Sharpe*, 216 Ill. 2d at 487, 839 N.E.2d 492. Great deference is given to the legislature's determination of the seriousness of various offenses and the sentences that the legislature has deemed appropriate for those offenses. Sharpe, 216 Ill. 2d at 487, 839 N.E.2d 492. We review the question of whether a statute is constitutional *de novo*. *Sharpe*, 216 Ill. 2d at 486-87, 839 N.E.2d 492.

The proportionate penalties clause provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful

3

citizenship." Ill. Const. 1970, art. I, §11.  In assessing an alleged proportionate penalties violation, we must determine whether the penalty at issue has been set by the legislature according to the seriousness of the offense.  *Sharpe*, 216 Ill. 2d at 487, 839 N.E.2d 492.   There are currently two ways to determine whether a penalty will violate the proportionate penalties clause: (1) whether the penalty is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community; and (2) whether offenses with identical elements are given different sentences.  *Sharpe,* 216 Ill. 2d at 517, 521, 839 N.E.2d 492.

Defendant asserts that under the identical elements test, his 40-year sentence sentence violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11) because the possible 31-year-to-life sentence for armed robbery/discharging a firearm and causing great bodily harm is significantly more severe than the sentence for the equivalent offense of armed violence predicated on robbery with a category I weapon[1] (720 ILCS 5/33A-2(c), 18-1(a) (West 2000)).  Citing *People v. Cummings*, 351 Ill. App. 3d 343, 813 N.E.2d 1004 (2004) and *People v. Hauschild*, No. 2-03-0857 (March 8, 2006), the State argues that while the offenses of armed robbery/discharging a firearm that causes great bodily harm and armed violence predicated on robbery may contain identical elements, *People v. Lewis*, 175 Ill. 2d 412, 677 N.E.2d 830 (1996), eliminated the offense of armed violence predicated on robbery so that comparison of these two offenses for purposes of proportionality review is prohibited.

In *Lewis*[2], the defendant was charged with armed robbery, a Class X offense punishable by 6 to

---

[1]A category I weapon is a handgun, sawed-off shotgun, sawed-off rifle, any other firearm small enough to be concealed upon a person, semiautomatic firearm or machine gun.  720 ILCS 5/33A-1(c)(2) (West 2000).  The parties do not dispute the fact that the firearm defendant used in the commission of the armed robberies of Lane and Moses was a category I weapon.

[2]*Lewis* was decided prior to the enactment of Public Act 91-404 (Pub. Act 91-404, eff. January 1, 2000).

30 years' imprisonment, and armed violence predicated on robbery committed with a category I weapon, punishable by 15 to 30 years' imprisonment. *Lewis*, 175 Ill. 2d at 414, 418, 677 N.E.2d 830. The defendant argued in the trial court that the penalty for the offense of armed violence predicated on robbery violated the proportionate penalties clause because it was unconstitutionally disproportionate to the penalty for the offense of armed robbery and both offenses contained identical elements. The trial court agreed and dismissed that count. *Lewis*, 175 Ill. 2d at 414-15, 677 N.E.2d 830. Our supreme court found that the penalty for armed violence predicated on robbery violated the proportionate penalties clause when compared to armed robbery because the penalty for the lesser offense of armed violence was increased beyond the penalty for the greater offense of armed robbery through the application of the armed violence statute. *Lewis*, 175 Ill. 2d at 418, 677 N.E.2d 830. Consequently, the Lewis court affirmed the dismissal finding that the penalties for armed violence predicated on robbery committed with a category I weapon (15 to 30 years) and armed robbery (6 to 30 years) were different although the offenses had identical elements. *Lewis*, 175 Ill. 2d at 418, 423, 677 N.E.2d 830. Because the penalty for armed violence predicated on robbery violated the proportionate penalties clause "the State's Attorney had no authority to charge that offense." *Lewis*, 175 Ill. 2d at 423, 677 N.E.2d 830.

The defendant in *Cummings* was convicted of armed robbery and sentenced as a habitual offender to life imprisonment. *Cummings*, 351 Ill. App. 3d at 346, 813 N.E.2d at 1007. On appeal, he argued that the sentence for armed robbery violated the proportionate penalties clause. *Cummings*, 351 Ill. App. 3d at 346, 813 N.E.2d at 1007. The defendant claimed that similar to *Lewis*, the offenses of armed robbery (720 ILCS 5/18-2(a)(1) (West 2000)) and armed violence predicated on robbery with a category III weapon (720 ILCS 5/33A-3 (West 2000); 730 ILCS 5/5-8-1(a)(5) (West 2000)) contained identical elements, but the sentences were unconstitutionally disparate. At the time *Cummings* was decided, armed robbery was a Class X felony punishable by 6 to 30 years' imprisonment and armed violence predicated on robbery with a category III weapon was a Class 2 felony punishable by 3 to 7 years' imprisonment. *Cummings*, 351 Ill. App. 3d at 346, 813 N.E.2d at 1007.

The *Cummings* court found *Lewis* distinguishable on the grounds that in *Lewis*, the penalty for the

5

lesser charge was disproportionately enhanced to a penalty more severe than for a greater offense through the application of the armed violence statute. *Cummings*, 351 Ill. App. 3d at 347, 813 N.E.2d at 1008. The defendant in *Cummings* was charged with the greater offense of armed robbery unlike the defendant in *Lewis* who was charged with the lesser offenses of armed violence and robbery. *Cummings*, 351 Ill. App. 3d at 347, 813 N.E.2d at 1008. . The *Cummings* court held that despite the disproportionate penalties for identical offenses, the proportionate penalties clause was not violated because "[t]he State is not required to proceed on a lesser offense when its evidence is sufficient to support [a] conviction on a greater offense, *i.e.*, armed robbery." *Cummings*, 351 Ill. App. 3d at 347-48, 813 N.E.2d at 1008. Furthermore, the State lacked the authority to charge the defendant with armed violence predicated on robbery pursuant to the holding in *Lewis*. *Cummings*, 351 Ill. App. 3d at 349, 813 N.E.2d at 1009.

Most recently in *Hauschild*, the defendant claimed on appeal that the penalty for a violation of subsection (a)(2) of the armed robbery statute (720 ILCS 5/18-2(a)(2) (West 2000)) was unconstitutionally disproportionate to the penalty for armed violence predicated on robbery with a category I or II weapon (720 ILCS 5/33A-1(c), 33A-2(a) (West 2000)). *Hauschild*, slip op. at 14. The court found that because the *Lewis* court determined that the penalty for armed violence predicated on robbery was unconstitutionally disproportionate to the penalty for armed robbery, the offense of armed violence predicated on robbery ceased to exist after *Lewis,* so that it could not be used as a basis to conduct a proportionate penalties analysis. Consequently, the court rejected the defendant's argument. *Hauschild*, slip op. at 19.

Contrary to the State's assertions here, we find the comparison of armed robbery/discharging a firearm and causing great bodily harm with armed violence predicated on robbery to be permissible notwithstanding the holdings in *Lewis*, *Cummings* and *Hauschild*. The *Lewis*, *Cummings* and *Hauschild* courts' holdings are not applicable to the instant case as those holdings were based on prior versions of both the armed robbery and armed violence statutes.

At the time *Lewis* was decided, the penalty for armed violence predicated on robbery was more severe than the penalty for armed robbery. Armed violence was a Class X felony defined as the commission of any felony, including robbery, while armed with a dangerous weapon and carried a penalty

ranging from 15 to 30 years' imprisonment. *Lewis*, 175 Ill. 2d at 418, 677 N.E.2d 830, citing 720 ILCS 5/33A-2, 33A-3(a) (West 1994). Armed robbery was defined as the commission of a robbery while carrying or otherwise being armed with a dangerous weapon. *Lewis*, 175 Ill. 2d at 418, 677 N.E.2d 830, citing 720 ILCS 5/18-2 (West 1994). Armed robbery was also a Class X felony but was punishable by a sentence of no less than 6 years and no more than 30 years' imprisonment. *Lewis*, 175 Ill. 2d at 418, 677 N.E.2d 830, citing 730 ILCS 5/5-8-1(a)(3) (West 1994)).

Subsequent to *Lewis*, our legislature enacted Public Act 91-404 (Pub. Act 91-404, eff. January 1, 2000). The purpose of Public Act 91-404 is "to deter the use of firearms in the commission of a felony offense." Pub. Act 91-404, §5, eff. January 1, 2000 (codified at 720 ILCS 5/33A-1(b)(1) (West 2000)). In an attempt to deter the use of firearms during the commission of a felony offense, the legislature increased the penalties for certain offenses, including armed robbery, when the offender is armed with a dangerous weapon other than a firearm, possesses a firearm, discharges a firearm, and discharges a firearm that causes great bodily harm, permanent disability, disfigurement or death. These additional penalties are commonly referred to as "15/20/25-to-life" sentencing provisions. *People v. Moss*, 206 Ill. 2d 503, 506, 795 N.E.2d 208 (2003). Specifically, the armed robbery statue as amended by Public Act 91-404 provides:

" § 18-2. Armed robbery.

(a) A person commits armed robbery when he or she violates Section 18-1 [ (robbery) ]; and (1) he or she carries on or about his or her person or is otherwise armed with a dangerous weapon other than a firearm; or (2) he or she carries on or about his or her person or is otherwise armed with a firearm; or (3) he or she, during the commission of the offense, personally discharges a firearm; or (4) he or she, during the commission of the offense, personally discharges a firearm that proximately causes great bodily harm, permanent disability, permanent disfigurement, or death to another person.

(b) Sentence. Armed robbery in violation of subsection (a)(1) is a Class X felony. A violation of subsection (a)(2) is a Class X felony for which 15 years shall be added to the term of

imprisonment imposed by the court. A violation of subsection (a)(3) is a Class X felony for which 20 years shall be added to the term of imprisonment imposed by the court. A violation of subsection (a)(4) is a Class X felony for which 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court." 720 ILCS 5/18-2(a), (b) (West 2000).

In addition, Public Act 91-404 amended the armed violence statute.  Relevant to this case is the addition of subsection (c) to the armed violence statute (720 ILCS 5/33A-2(c) (West 2000)) and the addition of subsection (b-10) to the armed violence sentencing statute (720 ILCS 5/33A-3(b-10) (West 2000)), which state, respectively:

"(c) A person commits armed violence when he or she personally discharges a firearm that is a Category I or Category II weapon that proximately  causes great bodily harm, permanent disability, or permanent disfigurement or death to another person while committing any felony defined by Illinois law, except first degree murder, attempted first degree murder, intentional homicide of an unborn child, predatory criminal sexual assault of a child, aggravated criminal sexual assault, aggravated kidnaping, aggravated battery of a child, home invasion, armed robbery, or aggravated vehicular hijacking"

and:

"(b-10) Violation of Section 33A-2(c) with a firearm that is a Category I or Category II weapon is a Class X felony for which the defendant shall be sentenced to a term of imprisonment of not less than 25 years nor more than 40 years."

In other words, Public Act 91-404 revived the offense of armed violence predicated on robbery when it amended the sentence for armed robbery/discharging a firearm and causing great bodily harm, making it greater than the punishment for armed violence with a category I or category II weapon predicated on robbery.  Armed robbery/discharging a firearm and causing great bodily harm is now a Class X felony with a mandatory "add-on penalty" of 25 years to life, making the possible sentence 31 years to life imprisonment. 720 ILCS 5/18-2(a)(4), (b) (West 2000).   Armed violence predicated on

8

robbery with a category I or category II  weapon is a Class X felony punishable by 25 to 40 years' imprisonment.  720 ILCS 5/33A-2(c), 33A-3(b-10) (West 2000).  Because the penalty for armed robbery/discharging a firearm and causing great bodily harm (720 ILCS 5/18-2(a)(4), (b) (West 2000)) is now greater than the penalty for armed violence with a category I or category II weapon (720 ILCS 5/33A-2(c), 33A-3(b-10) (West 2000)), the holding in *Lewis* can no longer be used as a basis to preclude comparison of armed robbery/discharging a firearm and causing great bodily harm to armed violence with a category I or category II weapon for purposes of proportionality review.  Consequently, the reasoning employed by the *Lewis* court is inapplicable here.

Likewise, we find the reasonings employed by the courts in *Cummings* and *Hauschild* to be faulty and unpersuasive here given that both rely on the *Lewis* court's finding that armed violence predicated on robbery ceased to exist once the court found that its corresponding sentence was unconstitutionally disproportionate to the sentence for armed robbery.  Both the *Cummings* court and the *Hauschild* court use the *Lewis* decision as a basis to foreclose comparison of armed robbery and armed violence predicated on robbery for proportionality purposes.  However, although both *Cummings* and *Hauschild* were decided after the enactment of Public Act 91-404, both courts failed to consider the substantial changes to both the armed robbery and armed violence statutes as a result of the enactment of Public Act 91-404.

In the alternative, the State claims that even if we find that the offense of armed violence with a category I or category II weapon does exist, defendant's argument here must nevertheless fail because since *Lewis* was decided, the legislature has made amendments to the Illinois Criminal Code intended to rectify the proportionate penalties "identical elements" issues addressed in those cases.  The State maintains that in enacting Public Act 91-404 (Pub. Act 91-404, eff. January 1, 2000), the legislature excluded armed robbery as a predicate offense for armed violence.  By doing this, the legislature manifested its intent that "acts which constitute armed violence while personally discharging a firearm causing great bodily injury do <u>not</u> constitute an armed violence offense under Illinois Law and cannot be charged through armed violence in Illinois." (Emphasis in original) The State urges that because armed

9

robbery is excluded as a predicate offense of armed violence, it is inappropriate to compare the offenses using the identical elements test.

The State's argument misses the mark. We are well aware that Public Act 91-404 (Pub. Act 91-404, eff. January 1, 2000) expressly excluded *armed robbery* as a predicate offense for armed violence. However, the offense of robbery was not excluded and in its current form, the armed violence statute allows robbery to serve as a predicate offense. 720 ILCS 5/33A-2(c) (West 2000). As the armed violence statute is unambiguous, we must enforce it as enacted and may not depart from the language by creating exceptions, limitations or conditions not expressed by the legislature. *People v. Woodard*, 175 Ill. 2d 435, 443, 677 N.E.2d 935 (1997).

Because we have eliminated the effect of *Lewis*, *Cummings* and *Hauschild*, we must now compare section 18-2(a)(4) of the armed robbery statue with section 33A-2(c) of the armed violence statute as they exist today to determine whether these two offenses have identical elements but disparate sentences.

In this case defendant was convicted of armed robbery/discharging a firearm and causing great bodily harm. A person commits armed robbery when he "takes property *** from the person or presence of another by the use of force or by threatening imminent force" (720 ILCS 5/18-1(a) (West 2000)) and he "during the commission of the offense, personally discharges a firearm that proximately causes great bodily harm, permanent disability, permanent disfigurement, or death to another person" (720 ILCS 5/18-2(a)(4) (West 2000)). A person commits armed violence predicated on robbery when he "personally discharges a firearm that is a Category I or Category II weapon that proximately causes great bodily harm, permanent disability, or permanent disfigurement or death to another person" (720 ILCS 5/33A-2(c) (West 2000)) while taking "property *** from the person or presence of another by the use of force or by threatening imminent force" (720 ILCS 5/18-1(a) (West 2000)). Clearly, the statutory elements are identical for proportionate penalties analysis to be appropriate.

Defendant relies on *People v. Christy*, 139 Ill. 2d 172, 564 N.E.2d 770 (1990), and *People v. Hampton*, 363 Ill. App. 3d 293, 842 N.E.2d 1124 (2005) (modified on denial of rehearing*)*, in support of his

10

argument that because armed robbery/discharging a firearm and causing great bodily harm and armed violence with a category I or category II weapon predicated on robbery have identical elements, the penalty for armed robbery/ discharging a firearm that causes great bodily harm is disproportionate to the penalty for armed violence predicated on robbery

In *Christy*, the defendant was convicted of kidnaping and armed violence predicated on kidnaping with a category I weapon. *Christy*, 139 Ill. 2d at 173, 564 N.E.2d 770. The defendant appealed from his conviction and argued that the sentence for armed violence predicated on kidnaping with a category I weapon (Class X felony punishable by 6 to 30 years' imprisonment) was unconstitutionally disproportionate to the penalty for aggravated kidnaping (Class I felony punishable by 4 to 15 years' imprisonment) because the elements of the offenses were identical. Our supreme court agreed finding that because the elements were identical and armed violence was punished more severely, the defendant was entitled to have his conviction for armed violence vacated and the case remanded for resentencing on the offense of aggravated kidnaping. *Christy,* 139 Ill. 3d at 181, 564 N.E.2d 770.

In *People v. Hampton*, 363 Ill. App. 3d 293, 842 N.E. 2d 1124 (2005), the defendant was convicted of numerous counts of aggravated criminal sexual assault. On appeal, he argued that the penalty for aggravated criminal sexual assault while armed with a firearm (720 ILCS 5/12-14(a)(8), (d)(1) (West 2000) (Class X offense (6 to 30 years))) with a mandatory add-on of 15 years dictating a penalty range of 21 to 45 years' imprisonment) violated the proportionate penalties clause because it was more severe than the penalty for armed violence predicated on criminal sexual assault with a category I weapon (720 ILCS 5/33A-2(a), 33A-3(a), 12-13 (West 2000)) (Class X offense punishable by 15 to 30 years' imprisonment). *Hampton*, 363 Ill. App. 3d at 305, 842 N.E.2d at 1136. The defendant argued that despite the disparate penalties, the offenses contained identical elements. *Hampton*, 363 Ill. App. 3d at 305, 842 N.E.2d at 1136. This court agreed that the offenses contained identical elements but had disproportionate sentences. Relying on *Christy*, the *Hampton* court found that the defendant's sentence for aggravated criminal sexual assault violated the proportionate penalties clause because the 15-year add on made aggravated criminal sexual assault punishable more severely than the identical offense of

11

armed violence predicated on criminal sexual assault with a category I weapon.    The court remanded the cause for resentencing in accordance with the law that was in effect before the amendment to the statute incorporating the 15 year mandatory add-on for a violation of subsection (a)(8).  *Hampton,* 363 Ill. App. 3d at 305, 842 N.E.2d at 1138.

Since the elements of armed robbery/discharging a firearm and causing great bodily harm and armed violence predicated on robbery with a category I or category II weapon are identical, "common sense and sound logic would seemingly dictate that their penalties be identical." *Christy*, 139 Ill. 2d at 181, 564 N.E.2d 770.  However, the penalties for these offenses are not identical.  A violation of section 18-2(a)(4) is a Class X felony with a mandatory "add-on penalty" of 25 years to life, making the possible sentence 31 years to life imprisonment (720 ILCS 5/18-2(a)(4), (b) (West 2000)), while a violation of section 33A-2(c) is a Class X felony punishable by 25 to 40 years' imprisonment (720 ILCS 5/33A-2(c), 33A-3(b-10) (West 2000)).

In accordance with the holdings in *Christy*, and *Hampton*, we find that the 25-year mandatory add-on penalty armed robbery/discharging a firearm and causing great bodily harm (720 ILCS 5/18-2(b) (West 2000)) violates the proportionate penalties clause because the penalty for armed robbery/discharging a firearm and causing great bodily harm  (720 ILCS 5/18-2(a)(4) (West 2000)) is more severe than the penalty for the identical offense of armed violence predicated on robbery with a category I or category II weapon (720 ILCS 5/33A-3(b-10) (West 2000).  Similar to *Hampton*, we find that while the State is not required to proceed on a lesser offense when there is evidence sufficient to convict on a greater offense, "we do not agree that the constitutional prohibition against disproportionate penalties for identical crimes may be relaxed where the State decides to proceed only with the crime carrying a greater penalty." *Hampton*, 363 Ill. App. 3d at 305, 842 N.E.2d at 1138.  Undoubtedly, a zealous prosecutor would choose to charge and proceed with the offense carrying the greater penalty when given the choice between two identical offenses.

In its motion for leave to file additional authority, the State advanced for the first time that defendant's 18-year sentence for armed robbery/armed with a firearm in No.  00 CR 12146, where Antoine

12

Lane was the victim, does not conform to the statutorily mandated minimum sentence of 21 years' imprisonment and is therefore void. In his response to the State's motion, the defendant argues that this court should not modify his 18-year sentence because: (1) the State has no right to appeal from the sentence imposed; (2) *Sharpe* does not apply retroactively to defendant's sentence; and (3) even if *Sharpe* does apply retroactively, the penalty for armed violence armed with a firearm is unconstitutionally disproportionate to the penalty for armed violence armed with a firearm.

At the forefront, we note that because defendant brought the instant appeal, and pursuant to Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)(1)), this court has the authority to "modify the judgment or order from which the appeal is taken," we need not review whether the State has the right to appeal defendant's sentence. If we were to conclude that defendant is eligible for the 15-year sentencing enhancement, in other words if *Sharpe* applies retroactively to defendant's case, then his current sentence will be void as it fails to conform to statutory requirements.

Until recently, our supreme court recognized three ways in which a defendant's sentence could violate the proportionate penalties clause: (1) "if it is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community", (2) if it is greater than the sentence for an offense with identical elements; or (3) if it is greater than the sentence for a similar offense that poses a greater threat to public safety. *Moss*, 206 Ill. 2d at 522, 795 N.E.2d 208. The third test is commonly referred to as the cross-comparison test. *Moss*, 206 Ill. 2d at 522, 795 N.E.2d 208.

At the time defendant was sentenced in 2004, the armed robbery statute provided that armed robbery committed while in possession of a firearm "is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court." 720 ILCS 5/18-2(b) (West 2004). However, in 2002, our supreme court decided *People v. Walden*, 199 Ill. 2d 392, 769 N.E.2d 928 (2002), wherein the court determined that pursuant to the cross-comparison test, the statutory 15-year mandatory enhancement for armed robbery violated the proportionate penalties clause. *Walden*, 199 Ill. 2d at 397, 769 N.E.2d 928. Consequently, when defendant was sentenced, the trial court lacked the authority pursuant to *Walden* to impose the 15-year add on to defendant's Class X sentence for armed robbery while armed with a firearm.

13

Ergo, at the time defendant was sentenced armed robbery/armed with a firearm was a Class X offense and defendant was sentenced accordingly. 730 ILCS 5/5-5-8-1(a)(3) (West 2000). See *People v. Guevara*, 216 Ill. 2d 533, 837 N.E.2d 901 (2005) (a conviction based on a statute that has been determined to violate the proportionate penalties clause is void *ab initio*).

While defendant's case was pending on direct review, our supreme court decided *People v. Sharpe*, which expressly overruled its decision in *Walden.* In *Sharpe*, the court stated:

> "After much reflection, we have concluded that cross-comparison
> analysis has proved to be nothing but problematic and unworkable, and that
> it needs to be abandoned. Those cases that used such an analysis to
> invalidate a penalty are overruled, and this court will no longer use the
> proportionate penalties clause to judge a penalty in relation to the penalty
> for an offense with different elements." *Sharpe*, 216 Ill. 2d at 519, 839 N.E.2d 492

In short, *Sharpe* effectively revived the constitutionality of the 15-year add on penalty for armed robbery.

The State argues that *Sharpe* is retroactive and defendant is now eligible to be sentenced according to the statutory 15-year sentence enhancement for armed robbery with a firearm (720 ILCS 5/18-2(a)(2) (West 2000)). Defendant maintains that the court's decision in *Sharpe* can only be applied prospectively because the court did not specifically state its decision applied retroactively.

It has long been established that judicial opinions announcing new constitutional rules applicable to criminal cases are retroactive to those cases pending on direct review at the time the new rule is announced. *People v. Martinez*, 348 Ill. App. 3d 521, 533, 810 N.E.2d 199 (2004), citing *People v. Ford*, 198 Ill. 2d 68, 73, 761 N.E.2d 735 (2001), citing *Griffith v. Kentucky*, 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708 (1987). Given that the new rule announced in *Sharpe* is of constitutional magnitude and defendant's case was pending on direct appeal when it was announced, *Sharpe* is applicable to defendant's case. It follows then that the 15-year sentence enhancement should be applied to defendant's sentence. Because defendant's 18-year sentence does not meet the required statutory minimum of 21 years' imprisonment, his sentence is void and we have the authority to correct it on appeal.

*People v. Arna*, 168 Ill. 2d 107, 113, 658 N.E.2d 445 (1995) (finding that a sentence that does not conform with a mandated statutory requirement is void and may be corrected at any time).

Support for our conclusion is found in *People v. Guevara*, 216 Ill. 2d 533, 837 N.E.2d 901 (2005), wherein our supreme court manifested its intent that *Sharpe* be applied retroactively to cases on direct appeal. In *Guevara*, the supreme court applied its holding in *Sharpe*, which overruled *Moss* and abolished the use of cross-comparison analysis, to reverse and remand a trial court's dismissal of the defendant's indictment for home invasion. *Guevara* was pending on direct appeal at the time *Sharpe* was decided. *Guevara*, 216 Ill. 2d at 539, 544-45, 837 N.E.2d 901.

Further support is found in the recent decision of *People v. James*, 362 Ill. App. 3d 1202, 841 N.E.2d 1109 (2006), wherein the defendant argued on appeal that his sentence for home invasion be reduced by 15 years because the mandatory 15-year add-on imposed violated the proportionate penalties clause. *James*, 362 Ill. App. 3d at 1206, 841 N.E.2d 1109. In affirming the defendant's sentence, the *James* court found that consistent with *Guevara*, the defendant's sentence was proper even though the defendant was sentenced subsequent to the *Walden* decision invalidating the 15-year sentence add-on for that offense, and prior to *Sharpe*. *James*, 362 Ill. App. 3d at 1208, 841 N.E.2d 1109.

Defendant argues that despite the holdings in *Guevara* and *James*, *Sharpe* cannot be applied retroactively to his case because *Sharpe* makes the law less favorable to him that it previously was. Defendant relies on *People v. Patton*, 57 Ill. 2d 43, 309 N.E.2d 572 (1974), to bolster his position. However, we find defendant's reliance on *Patton* to be unpersuasive. The court in *Patton* expressly limited its decision to prospective application and relied on cases from other jurisdictions which held that decisions making the law less favorable to defendants must be applied prospectively. *Patton*, 57 Ill. 2d at 48-49, 309 N.E.2d 572   The *Sharpe* court did not expressly or impliedly limit its holding to prospective application.

We are similarly unpersuaded by defendant's argument that his due process rights to notice and fair warning bar application of the 15-year firearm enhancement. Despite the proportionality attacks to the 15-20-25-to-life sentence enhancements, the statute remained intact and therefore defendant was on

15

notice that his conduct might fall within its scope. Furthermore, defendant has failed to explain how his purported reliance on the unconstitutionality of the 15-year sentence enhancement affected his decision making relating to plea bargaining, or whether to take a bench or a jury trial.

Given our determination that *Sharpe* is retroactive to defendant's case making defendant's sentence for armed robbery/possessing a firearm eligible for the mandatory 15-year firearm enhancement, we must address defendant's remaining argument.

Defendant argues that the 15-year add-on provision for possessing a firearm during the commission of armed robbery (720 ILCS 5/18-2(a)(2), (b) (West 2000)) violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11) when compared to the penalty for the identical offense of armed violence predicated on robbery while possessing a firearm (720 ILCS 5/33A-2(a),33A-3(a) (West 2000)).

The identical elements test is an appropriate form of proportionality review. *Sharpe,* 216 Ill. 2d at 487, 839 N.E.2d 492. A person violates section 18-2(a)(2) of the armed robbery statute when commits the offense of robbery (720 ILCS 5/18-1 (West 2000) and "carries on or about his or her person or is otherwise armed with a firearm." 720 ILCS 5/18-2(a)(2) (West 2000). A violation of section 18-2(a)(2) is a Class X felony for which "15 years shall be added to the term of imprisonment imposed by the court." 720 ILCS 5/18-2(b) (West 2000). Therefore, the minimum sentence for a violation of section 18-2(a) would be 21 years and the maximum would be 45 years. 720 ILCS 5/18-2(b); 730 ILCS 5/5-8-1(a)(3) (West 2000). As previously discussed, the enactment of Public Act 91-404 revived the offense of armed violence predicated on robbery. A person commits the offense of armed violence predicated on robbery when he or she "while armed with a dangerous weapon, he commits [robbery (720 ILCS 5/18-1 (West 2000))]." 720 ILCS 5/33A-2(a) (West 2000). A person is considered to be "armed with a dangerous weapon" in the context of the armed violence statute "when he or she carries on or about his or her person or is otherwise armed with a Category I, Category II, or Category III weapon." 720 ILCS 5/33A-1(c)(1) (West 2000). Hence, the sentence for a violation of section 33A-2(a) while armed with a category I weapon would be 15 years' to 30 years' imprisonment. 720 ILCS 5/33A-3(a) (West 2000); 730 ILCS 5/5-8-1(a)(3) (West 2000).

16

The proportionate penalties clause provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, §11. The proportionate penalties clause is violated when identical offenses are punished with different penalties. *Christy*, 139 Ill. 2d at 181, 564 N.E.2d 770. Given that the foregoing offenses have identical elements but different penalties, the greater penalty, the 15-year add-on for armed robbery while possessing a firearm, violates the proportionate penalties clause.

Although we have determined that *Sharpe* applies retroactively to defendant's case, we now find that the trial court would be precluded on resentencing from imposing the mandatory 15-year add-on to defendant's sentence for armed robbery while possessing a firearm because it violates the proportionate penalties clause. Consequently, we deny the State's request to modify defendant's sentence for armed robbery while possessing a firearm in No. 00 CR 12146. As defendant was sentenced while *Walden* was good law, defendant was sentenced in accordance with the armed robbery statute as it existed prior to the addition of the 15-year sentence enhancement. Prior to being amended by Public Act 91-404, armed robbery was a Class X felony punishable by 6 to 30 years' imprisonment. 730 ILCS 5/5-8-1(a)(3) (West 1998). See *Hampton*, 363 Ill. App. 3d at 310, 842 N.E.2d at 1138 (when an amended statute has been found to violate the proportionate penalties clause the proper remedy is to remand for resentencing in accordance with the statute as it existed prior to the amendment). As defendant's sentence conforms with the law in existence before Public Act 91-404, defendant's 18-year sentence stands.

On remand, the trial court is instructed to vacate defendant's sentence for armed robbery in No. 00 CR 12069 and resentence him in accordance with section 18-2 (720 ILCS 5/18-2 (West 1998)) as it existed prior to being amended by Public Act 91-404 (Pub. Act 91-404, eff. January 1, 2000). In addition, defendant's conviction for aggravated battery in No. 00 CR 12069 is vacated. Defendant's sentence for armed robbery in No. 00 CR 12146 remains unaffected. Given our holding today we need not reach defendant's other contentions.

Affirmed in part and vacated in part; cause remanded with directions.

THEIS, J., and ERICKSON, J., concur.

17

1-04-3030