SECOND DIVISION
January 9, 2007

No. 1-04-3077

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
|    Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
|       v. | ) | |
| | ) | |
| HERRON DOUGLAS, | ) | Honorable |
| | ) | Dennis A. Dernbach, |
|    Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE WOLFSON delivered the opinion of the court:

Herron Douglas was convicted by the trial court of two counts of attempt first degree murder of a peace officer. His sentence was 35 years in prison for each count, to run concurrently. He asks us to reduce his convictions to simple attempt first degree murder and to remand the case for resentencing on the lesser charge.

The State opposes any reduction of charge. It also contends, for the first time, the 35-year sentences are void. Instead, says the State, Douglas must be resentenced and the trial court must apply a mandatory 20-year enhancement of the sentences.

We affirm the convictions, but we decline to order resentencing of the defendant.

I. Attempt First Degree Murder of Two Peace Officers

1-04-3077

Defendant admits he fired shots at two men as they stood on a street corner, patting down a member of his gang. But he contends the evidence was not sufficient to support the trial court's finding that he knew or should have known he was firing at peace officers.

It is not our role to second-guess a trial court's factual findings concerning the weight of the evidence or the credibility of witnesses. People v. Young, 128 Ill. 2d 1, 51, 538 N.E.2d 453 (1989). Instead, we view the evidence in the light most favorable to the prosecution, and we determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. People v. Hall, 194 Ill. 2d 305, 329-30, 743 N.E.2d 521 (2000). We will not reverse a conviction unless the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of defendant's guilt. Young, 128 Ill. 2d at 51.

The evidence shows that at the time of the confrontation, the officers were standing in a well-lit lot about 75 feet away from defendant. The officers were in plain clothes, but were also wearing bullet-proof vests and police belts with handcuffs and weapons. Officer Lopez had his shield in a visible location.

The evidence further shows that both officers recognized defendant because of previous contacts. When he approached, they were clearly performing a pat-down search of another man, John

2

1-04-3077

Martinez. In addition, both officers and Gilberto Irizarry testified that Martinez yelled out, "Betty up, Betty up," a street reference for police. At that point, Officer Magallon pulled out his badge and immediately identified himself as a police officer. Officer Lopez heard him shout "police, police." In addition, Irizarry testified that when he and defendant exited the house, the men standing on the corner told defendant at least twice "to put the pistol down," leading him to believe that they were police officers.

From this evidence, the trial court could reasonably infer defendant knew or should have known the two men on the street were police officers in the course of performing their duties when he shot at them. We affirm the trial court's finding that defendant was proved guilty beyond a reasonable doubt of attempt first degree murder of two peace officers. People v. Pasch, 152 Ill. 2d 133, 215-16, 604 N.E.2d 294 (1992); People v. Ruiz, 312 Ill. App. 3d 49, 57-58, 726 N.E.2d 704 (2000).

II. The 20-Year Sentencing Enhancement

At the sentencing hearing on July 27, 2004, the trial court noted the sentencing range for attempt first degree murder of a peace officer is 20 to 80 years. The court also referred to the enhancement provisions for attempt murder with a firearm, contained in 720 ILCS 5/8-4(c)(1)(B), (C), and (D) (West 2004). The State informed the court the enhancement provisions did not

3

1-04-3077

apply.  The court agreed and sentenced the defendant to the two concurrent 35-year terms.

The defendant does not directly challenge the sentence he received.  Nor did the State attempt to appeal the court's sentence.  In its Appellee's brief in this case, filed April 10, 2006, the State, for the first time, contended the defendant's sentence is void because it does not contain the mandatory 20-year enhancement.

What happened between July 27, 2004, and April 10, 2006, that caused the State's change of position?  It was People v. Sharpe, 216 Ill. 2d 481, 839 N.E.2d 492 (2005).

In the three years before Sharpe was decided the Illinois Supreme Court had invalidated nine penalties based on a finding that "a penalty violates the proportionate penalties clause [Ill. Const. 1970, art. I, §11] where similar offenses are compared and conduct that creates a less serious threat to the public health and safety is punished more severely."  People v. Moss, 206 Ill. 2d 503, 522, 795 N.E.2d 208 (2003).  The comparison referred to is known as the "cross-comparison analysis."  Sharpe, 216 Ill. 2d at 488.

The relevant cross-comparison analysis cases are Moss, which involved armed robbery where a firearm is discharged; People v. Walden, 199 Ill. 2d 392, 769 N.E.2d 928 (2002), an armed robbery with a firearm case; and People v. Morgan, 203 Ill. 2d 470, 786

4

1-04-3077

N.E.2d 994 (2003), a case concerning attempt first degree murder with a firearm.  It was Morgan that was relied on at this defendant's sentencing for the reason why the 20-year enhancement could not apply.

People v. Sharpe overruled Moss, Walden, and Morgan, along with the line of cases that led to those decisions.  The court said:

> "We hold today that a defendant may not
> challenge a penalty under the proportionate
> penalties clause by comparing it to the
> penalty for an offense with different
> elements."  Sharpe, 216 Ill. 2d at 533.

The supreme court adhered to the Sharpe holding in two subsequent cases--People v. Guevara, 216 Ill. 2d 533, 837 N.E.2d 901 (2005), a home invasion with a firearm case; and in In re M.T., 221 Ill. 2d 517, 852 N.E.2d 792 (2006), an indecent solicitation of an adult case.

The State contends Sharpe renders the defendant's sentence void and it must be corrected, citing People v. Arna, 168 Ill. 2d 107, 113, 658 N.E.2d 445 (1995), where the supreme court held a sentence "which does not conform to a statutory requirement is void."

The State's supposition that the defendant's sentence is void forms the basis for its claim that the mandatory enhancement

5

must be applied.  That supposition is based on the theory that Sharpe reaches back and wipes out Moss, Walden, and Morgan--as if they never existed, never had any viability.  This assumption of retroactivity necessarily is based on the notion that Sharpe decided Moss, Walden, and Morgan violated the separation of powers provision of the Illinois Constitution.  Ill. Const. 1970, art. II, §1.

We believe the State is creating a house of cards built on a defective foundation.  We have carefully examined Sharpe, Guevara, and In re M.T..  Nowhere in any of these decisions does the supreme court say Moss, Walden, or Morgan violated any constitutional provision.  Sharpe rejected the cross-comparison analysis and overruled the cases that used it because it "has proved to be nothing but problematic and unworkable, and that it needs to be abandoned."  Sharpe, 216 Ill. 2d at 519.  The supreme court clearly was departing from stare decisis, finding good cause to do so "when governing decisions are unworkable or are badly reasoned."  Sharpe, 216 Ill. 2d at 520.

Time after time, in Sharpe and the cases that follow it, the supreme court carefully avoided any suggestion that Moss, Walden, or Morgan were constitutionally defective.  See Guevara, 216 Ill. 2d at 544 ("In People v. Sharpe, *** we held that we would no longer recognize the third type of proportionate penalties challenge--the cross-comparison challenge"); and In re M.T., 221

6

Ill. 2d at 521 ("*** we no longer apply cross-comparison analysis in proportionate penalties cases.")

The closest Sharpe came to a constitutional reference was at 216 Ill. 2d at 520, where it set out its three reasons for "departing from stare decisis and abandoning cross-comparison proportionate penalties analysis."  First, said the court, the governing decisions are "badly reasoned."  Second, the decisions have proved "unworkable."  Third,

> "this analysis set this court on a collision course with separation of powers principles. Were this court to keep using the cross-comparison analysis as it had been, this court would no longer be constrained to serve as a mere check on the legislature, ensuring compliance with the proportionate penalties clause of the Illinois Constitution. Instead, we would be free to act as a superior legislative branch, substituting our judgment for the legislature whenever we disagreed with the penalties it set.  Thus, 'serious detriment *** prejudicial to public interests' is likely to arise from this case law."  (Emphasis added.)  Sharpe, 216 Ill. 2d at 521.

1-04-3077

The court's third reason is a far cry from a constitutional denunciation of Moss, Walden, and Morgan. It is a warning of danger ahead, a cautionary note, should the court's course not change. In this way, the court avoids the potential reopening of sentences imposed on the assumption Moss, Walden, and Morgan meant what they said. It also avoids repeated litigation over the applicability of ex post facto principles. See People v. Granados, 172 Ill. 2d 358, 367-68, 666 N.E.2d 1191 (1996). Nor will the court have to face assertions that the overruling of a previous case concerning validity of a penal statute must be applied prospectively only when the overruling decision makes the law less favorable to the defendant than it previously was. People v. Patton, 57 Ill. 2d 43, 48, 309 N.E.2d 572 (1974).

We conclude the defendant's sentence is not void. People v. Arna does not apply here. The sentences were valid when imposed and they remain valid. The trial judge had the power and authority to impose them without concern for the statutory enhancement. We will not send the case back for resentencing.

We are aware decisions from two other divisions of this court have taken the view that Sharpe announces a new rule that applies to a pre-Sharpe sentencing. One is People v. Lee, No. 1-04-2258 (Ill. App. Ct., April 27, 2006), petition for rehearing pending; the other is People v. Harvey, 366 Ill. App. 3d 119, 851 N.E.2d 182 (2006).

8

1-04-3077

In Lee, the defendant claimed the armed robbery statute under which he was convicted is void because its penalty violates the proportionate penalties clause of the Illinois Constitution. He relied on the cross-comparison analysis abandoned by the court in Sharpe. Holding Sharpe announced a new rule of "constitutional dimensions," the court not only rejected the defendant's contention, it allowed the State to successfully move to add a 15-year enhancement. Lee, No. 1-04-2258, slip op. at 9.

Harvey held "the new rule announced in Sharpe is of constitutional magnitude***." Harvey, 366 Ill. App. 3d at 132. Therefore, Sharpe was applied retroactively to void the defendant's sentence and require the enhancement. Harvey, 366 Ill. App. 3d at 132.

To the extent that Lee and Harvey conflict with our holding in this case, we decline to follow them. Lee and Harvey hold the defendant's original sentencing was rendered void by Sharpe and Guevara. For reasons we have stated, we do not agree.

III. Applicability of the Sentencing Enhancement

There is another, independent, reason for us to hold the defendant's sentence cannot be sent back for enhancement.

The defendant was convicted and sentenced for attempt first degree murder of a peace officer. The offense is contained in section 5/8-4(c)(1)(A) (720 ILCS 5/8-4(c)(1)(A) (West 2000)). It carries a Class X sentence of 20 to 80 years. There is no

9

sentencing enhancement in section 5/8-4(c)(1)(A).  The enhancements for attempt murder concerning a firearm are contained in sections 5/8-4(c)(1)(B), (C), and (D), each a different offense.

That is the plain, unambiguous language of the statute. People v. McClure, 218 Ill. 2d 375, 382, 843 N.E.2d 308 (2006). We will not assume legislative error without some good reason to do so.  By creating a Class X offense carrying 20 to 80 years, the legislature well might have believed it was authorizing trial judges to impose severe sentences.  That is, the sentence already is enhanced, without the need for further provision.  Class X offenses ordinarily carry a sentence of 6 to 30 years.  730 ILCS 5/5-8-1(a)(3) (West 2000).  We see no reason to add words to the statute.  That is not our role.  People v. Wooddell, 219 Ill. 2d 166, 173, 847 N.E.2d 117 (2006).

CONCLUSION

For the reasons stated, we affirm the defendant's convictions and sentences and we reject the State's request to send the cause back to the trial court for imposition of an enhanced sentence.

Affirmed.

HOFFMAN, and HALL, JJ., concur.