THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JUAN SOLANO, Defendant-Appellant.

Third District   No. 3—91—0067

Opinion filed November 8, 1991.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Joseph Navarro, State's Attorney, of Ottawa (John X. Breslin and Jay Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Juan Solano, pled guilty to reckless homicide and driving under the influence of alcohol (Ill. Rev. Stat. 1989, ch. 38, par. 9—3(a); ch. 95½, par. 11—501(d)(3)). In exchange for his pleas, the State dismissed another reckless homicide charge. The trial court initially sentenced the defendant to concurrent terms of 2½ years' imprisonment for the reckless homicide and 1½ years for driving under

the influence of alcohol. Subsequently, the trial judge *sua sponte* reduced the sentence for reckless homicide to two years and four months with credit for time served. The defendant now appeals this sentence. We affirm.

The record shows that the 16-year-old defendant and several friends had been drinking for several hours at a party. Twice during the party, the defendant left with others and purchased beer. Around midnight, he left the party to drive some friends home. Before leaving the party, a friend warned the defendant that he was in no condition to drive. The friend said he would be back at the party in one hour and would then drive the defendant and his friends home. The defendant ignored the warning and proceeded to drive his friends home.

After dropping one boy at home, the defendant proceeded to a railroad intersection. The railroad gates were down and the lights were flashing. The three remaining passengers in his car, Kerri Norman, Tanya Broyles, and Nancy Thomas, told the defendant not to drive around the gates. Despite seeing a train coming, the defendant proceeded around the gates and subsequently collided with the train. As a result, Kerri Norman was killed, and Tanya Broyles was severely injured and remained in a coma for two weeks. The defendant was also injured. A blood test taken at the hospital after the accident indicated that the defendant's blood-alcohol content was .156.

The defendant argues on appeal that the trial court abused its discretion in sentencing him. He asserts that the court did not properly weigh the factors in mitigation and considered improper factors in aggravation.

Sentencing is a matter of judicial discretion and absent an abuse of that discretion by the trial court, a sentence may not be altered on review. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) The defendant's history, character, and rehabilitative potential, along with the seriousness of the offense, the need to protect society, and the need for deterrence and punishment, must be equally weighed. (*People v. Darnell* (1981), 94 Ill. App. 3d 830, 419 N.E.2d 384.) When there are mitigating factors before the court, the court is presumed to have considered the mitigating circumstances and there is no requirement that the trial judge recite and assign a value to each factor presented. *People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9.

In the instant case, the defendant contends that the trial court did not assign enough weight to his rehabilitative potential, his young age, his lack of a prior criminal record, and his expressed remorse. We disagree. A careful reading of the trial judge's remarks before sentencing clearly reveals that the judge recognized and consid-

ered each of these mitigating factors. In fact, he *sua sponte* lowered the defendant's sentence so the defendant would be able to return to school in the fall. Under these circumstances, we cannot say that the judge did not place enough weight on the mitigating factors.

The defendant also contends that the trial court considered improper factors in aggravation. First, he argues that the court improperly considered the bodily harm to Tanya Broyles as an aggravating factor of the defendant's driving under the influence conviction. He notes that serious bodily harm is an element of the Class 4 felony he was convicted of, and therefore it cannot properly be considered as a factor in aggravation.

■ In *People v. Saldivar* (1986), 113 Ill. 2d 256, 497 N.E.2d 1138, the supreme court stated that a factor should not be considered in aggravation if it is implicit in the offense. However, the court further stated that the degree of harm to the victim may be considered as an aggravating factor even in cases where serious bodily harm is implicit in the offense.

In the instant case, the trial judge made it quite clear that he was considering the degree of harm done to Ms. Broyles as the result of the defendant's reckless actions. This consideration was proper.

The defendant also contends that the trial judge improperly considered his history of illegal alcohol consumption and his blood-alcohol concentration of .156 as aggravating factors. He argues that they should have been considered in mitigation. We disagree.

Prior criminal activity may be considered as an aggravating factor. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(a)(3).) The particular nature and circumstances surrounding an offense are relevant factors to be considered in sentencing. *People v. Gibbs* (1977), 49 Ill. App. 3d 644, 364 N.E.2d 491.

In the instant case, the defendant admitted that he had engaged in underage drinking on many occasions prior to committing the instant offenses. There was no conclusive evidence presented which indicated that the defendant was an alcoholic and could not control his behavior. Thus, the trial judge properly considered the defendant's prior criminal activity of underage drinking as a factor in aggravation. Additionally, the trial judge correctly noted that reckless homicide does not necessarily involve driving while intoxicated. Therefore, the judge properly considered the level of the defendant's blood-alcohol content with regard to the nature and circumstances surrounding the offense.

Finally, we note that the trial judge was properly concerned with deterring this kind of conduct, especially in light of the testimony in-

troduced which indicated that many young people in the area were involved in underage drinking.

In sum, the trial judge properly considered and balanced all of the factors presented in aggravation and mitigation before sentencing the defendant. Based on the record, we cannot say he abused his discretion.

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

GORMAN and HAASE, JJ., concur.