Docket No. 102468.

IN THE
SUPREME COURT
OF
THE STATE OF ILLINOIS

———————

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
JOSEPH HAUSCHILD, Appellant.

*Opinion filed June 7, 2007.*


JUSTICE KARMEIER delivered the judgment of the court, with
opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Kilbride,
Garman, and Burke concurred in the judgment and opinion.


**OPINION**

Following a jury trial in the Kane County circuit court, defendant,
Joseph Hauschild, was convicted of, *inter alia*, home invasion, armed
robbery and attempted first degree murder. Defendant appealed and
the appellate court originally reversed his convictions for armed
robbery and home invasion, substituted a conviction for simple
robbery and remanded for resentencing. Following a grant of the
State's petition for rehearing, the appellate court affirmed defendant's
convictions and remanded for resentencing on the armed robbery and
attempted murder convictions. 364 Ill. App. 3d 202. This court
allowed defendant's petition for leave to appeal. 210 Ill. 2d R. 315.
For the reasons that follow, we affirm in part and reverse in part the
judgment of the appellate court.

BACKGROUND

On August 14, 2001, defendant and codefendant, Ethan Warden, broke into a residence occupied by Thomas Wright and his family. Defendant and Warden were each armed with a handgun. The two men entered the master bedroom, awakened Wright and his wife, and demanded a safe. Wright struggled with one of the defendants, and both defendants fired their weapons. Two shots hit Wright, causing life-threatening wounds to his chest and abdomen, as well as serious wounds to his right arm and left leg. The defendant and Warden then fled the scene carrying a lockbox.

On September 14, 2001, defendant was indicted for attempted first degree murder (720 ILCS 5/8–4(a), 9–1(a)(1) (West 2000)); armed robbery (720 ILCS 5/18–2(a)(4) (West 2000)); home invasion (720 ILCS 5/12–11(a)(3) (West 2000)); home invasion (720 ILCS 5/12–11(a)(5) (West 2000)); aggravated battery with a firearm (720 ILCS 5/12–4.2(a)(1) (West 2000)); and criminal damage to property (720 ILCS 5/21–1(1)(d) (West 2000)). Following a jury trial, in which an accountability instruction was given, defendant was found guilty of attempted murder, armed robbery and home invasion. The verdict form for home invasion required the jury to make a specific factual finding regarding a single offense of home invasion, and the jury indicated that defendant was guilty in that he "personally discharged a firearm during the offense." See 720 ILCS 5/12–11(a)(4) (West 2000). On May 28, 2003, the trial court merged the aggravated battery with a firearm conviction into the attempted murder conviction and sentenced defendant to 35 years' imprisonment for home invasion, 18 years' imprisonment for attempted murder, and 12 years' imprisonment for armed robbery, each to be served consecutively, as well as a 2-year concurrent term of imprisonment for criminal damage to property, for a cumulative sentence of 65 years' imprisonment. While the sentence for home invasion included a 20-year enhancement based on the jury's finding that defendant discharged a firearm during the commission of the offense (720 ILCS 5/12–11(a)(4), (c) (West 2000)), the trial court refused to enhance defendant's sentences for armed robbery while armed with a firearm and attempted murder, finding that the penalties for those offenses violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11) under the holdings of this court in *People v. Walden*, 199 Ill. 2d

-2-

392 (2002), and *People v. Morgan*, 203 Ill. 2d 470 (2003), respectively.

In an opinion filed on October 5, 2005, the appellate court affirmed defendant's convictions for criminal damage to property and attempted murder, but based on a cross-comparison analysis, determined that the penalties imposed for the home invasion and armed robbery offenses violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11), and that the penalties were not severable from the substantive offenses. Thus, the court reversed defendant's convictions of those two offenses and vacated the sentences imposed thereon. However, at defendant's request, the court supplanted his conviction of armed robbery with a conviction of simple robbery and remanded the cause for resentencing. One day later, October 6, 2005, this court filed its decision in *People v. Sharpe*, 216 Ill. 2d 481 (2005), abandoning cross-comparison analysis in proportionate penalties clause cases. The State therefore filed a petition for rehearing in this case, based on *Sharpe*. The appellate court granted the petition, withdrew its October 5, 2005, opinion, and filed a new opinion in which it affirmed defendant's convictions for home invasion, attempted murder, armed robbery, and criminal damage to property, but vacated his sentences for armed robbery and attempted murder and remanded for resentencing on those convictions. 364 Ill. App. 3d 202.

In its opinion after rehearing, the appellate court agreed with both the State and defendant that he was actually charged with, and convicted of, armed robbery pursuant to subsection (a)(2) of the armed robbery statute (720 ILCS 5/18–2(a)(2) (West 2000)), as opposed to subsection (a)(4) (720 ILCS 5/18–2(a)(4) (West 2000)), as stated in the indictment. 364 Ill. App. 3d at 211. The panel also held that: (1) the penalty for armed robbery was not unconstitutionally disproportionate to the penalty for armed violence based on the identical-elements test (364 Ill. App. 3d at 213-17); and (2) in light of *Sharpe*, defendant's sentences for armed robbery and attempted murder, which the trial court had refused to enhance as violative of the proportionate penalties clause, should be vacated and remanded to the trial court for resentencing in accordance with the statutorily mandated enhancements (364 Ill. App. 3d at 223-25). Additionally, the appellate court affirmed defendant's 35-year sentence for home

invasion, finding it was not excessive. 364 Ill. App. 3d at 220-22. Finally, the panel rejected defendant's claim, made for the first time in his answer to the State's petition for rehearing, that consecutive sentences were not required for each of his home invasion, attempted murder and armed robbery convictions, and instructed the trial court, on remand, to order the sentences for each of the three offenses to run consecutively. 364 Ill. App. 3d at 225, 227-29.

## ANALYSIS

On appeal to this court, defendant raises the following three issues: (1) whether his conviction for armed robbery must be reduced to a conviction for simple robbery, because the penalty for that offense is disproportionate to the penalty for an offense involving identical elements, *i.e.*, armed violence based on robbery; (2) whether his existing sentences for armed robbery and attempted murder were authorized by the law in effect at the time of sentencing such that those sentences are not void and no new sentencing hearing is required; and (3) whether his 65-year aggregate consecutive sentence is excessive and unfairly harsh when compared to the 12-year sentence imposed on his codefendant, who was allowed to plead guilty to reduced charges in exchange for his testimony against defendant. We choose to address defendant's second contention first.

Effective January 1, 2000, our legislature enacted Public Act 91–404, the stated purpose of which is "to deter the use of firearms in the commission of a felony offense." Pub. Act 91–404, §5, eff. January 1, 2000 (codified at 720 ILCS 5/33A–1(b)(1) (West 2000)). To accomplish this purpose, the legislature increased the penalties for certain felonies, including attempted murder and armed robbery, when the offender possesses or uses a firearm during the commission of the offense. See 720 ILCS 5/8–4(c)(1), 18–2 (West 2000). These additional penalties are commonly referred to as the "15/20/25-to-life" sentencing provisions. 364 Ill. App. 3d at 209; *People v. Guevara*, 216 Ill. 2d 533, 536 (2005). Defendant contends that the appellate court erred in vacating his sentences for armed robbery while armed with a firearm and attempted murder as void and remanding for resentencing, where the trial court had properly refused to enhance those offenses under *People v. Walden*, 199 Ill. 2d 392 (2002), overruled by *People v. Sharpe*, 216 Ill. 2d 481 (2005), and *People v.*

-4-

*Morgan*, 203 Ill. 2d 470 (2003), overruled by *People v. Sharpe*, 216 Ill. 2d 481 (2005), which were binding precedent at the time of defendant's sentencing. Whether a judgment is void is a question of law which we review *de novo*. See *People v. Rodriguez*, 355 Ill. App. 3d 290, 293-94 (2005); see also *Ford Motor Credit Co. v. Sperry*, 214 Ill. 2d 371, 378-79 (2005).

Initially we note that, as defendant admits, his answer to the State's rehearing petition did not challenge the State's claim that these sentences were void, rather he was proceeding "on the assumption that the sentences were void, in the context of discussing whether the appropriate remedy was to remand for a new sentencing hearing or simply to add the 15-year enhancement to the existing sentence." Defendant now acknowledges that this issue "boils down to whether *Sharpe* should be applied retroactively" and, if so, whether *Sharpe* renders the existing nonenhanced sentences void. The State argues that defendant's failure to raise this argument at any time prior to his filings in this court have caused its forfeiture, citing *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). See also *People v. Blair*, 215 Ill. 2d 427, 443-44 (2005) (issues that could have been raised, but were not, are "forfeited"); *People v. Rogers*, 197 Ill. 2d 216, 221 (2001) (same). Defendant, however, urges us to follow *In re C.R.H.*, 163 Ill. 2d 263, 274 (1994), wherein this court interpreted the rule of waiver[1] as an admonition to the parties and not a limitation on the jurisdiction of reviewing courts, particularly where necessary to "provide a just result."

This court has noted in the past that a challenge to the constitutionality of a statute may be raised at any time. *People v. McCarty*, 223 Ill. 2d 109, 123 (2006); *In re J.W.*, 204 Ill. 2d 50, 61-62 (2003). In *McCarty*, 223 Ill. 2d at 123, the defendant did not forfeit his statutory interpretation argument for failure to raise it in a posttrial motion or in his petition for leave to appeal where his related proportionate penalties and due process constitutional challenges were

---

[1]We note that courts often use the terms "forfeit," "waive," and "procedural default" interchangeably in criminal cases. For purposes of this opinion, we henceforth use the term "forfeited" to mean issues that could have been raised, but were not, and are therefore barred. See *Blair*, 215 Ill. 2d at 443-44.

not subject to forfeiture. Thus, here, we find that defendant has not forfeited his claim, as it involves a determination of whether applying *Sharpe* retroactively in order to resentence him under the enhanced penalty statute would be a due process violation. Defendant also urges this court to address this issue for reasons of judicial economy, as it is presented in another case currently pending before this court, *People v. Harvey*, 366 Ill. App. 3d 119 (2006), *appeal allowed*, 221 Ill. 2d 654 (2006) (table). While we find it unnecessary to address this "judicial economy" rationale for evading forfeiture, our review of the appellate court's reasoning in *Harvey* does reveal it to be instructive in examining the issues raised in the case at bar.

In *Harvey*, the defendant was charged in indictment No. 00–CR–12069 with 11 felony counts, consisting of 3 counts of attempted murder, 4 counts of armed robbery and 4 counts of aggravated battery with a firearm, and with 1 count of armed robbery in indictment No. 00–CR–12146. Following a consolidated bench trial, the defendant was convicted of two of the counts in No. 00–CR–12069, and with armed robbery while armed with a firearm (720 ILCS 5/18–2(a)(2) (West 2000)), in No. 00–CR–12146. On appeal, defendant raised several arguments concerning his convictions and sentences in No. 00–CR–12069. The State, in its motion for leave to file additional authority, argued for the first time that defendant's 18-year sentence for armed robbery while armed with a firearm in No. 00–CR–12146 did not conform to the statutorily mandated minimum sentence of 21 years' imprisonment and was therefore void. In his response to the State's motion, the defendant contended, *inter alia*, that *Sharpe* did not apply retroactively to his sentence and, even if *Sharpe* did apply retroactively, the penalty for armed robbery while armed with a firearm is unconstitutionally disproportionate to the penalty for armed violence armed with a firearm. *Harvey*, 366 Ill. App. 3d at 130. The panel held that *Sharpe* applied retroactively to cases pending on direct review at the time of that decision's entry. However, it also found that because the defendant's armed robbery while armed with a firearm sentence violated the proportionate penalties clause under the identical-elements test, his 18-year sentence, imposed in accord with the statute as it existed prior to the adoption of Public Act 91–404, should stand. *Harvey*, 366 Ill. App. 3d at 134.

Until this court's recent decision in *Sharpe*, Illinois courts recognized three ways in which a defendant's sentence could violate the proportionate penalties clause: (1) if it is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community; (2) if it is greater than the sentence for an offense with identical elements; or (3) if it is greater than the sentence for a similar offense that poses a greater threat to public safety (cross-comparison). *Sharpe*, 216 Ill. 2d at 487, quoting *People v. Moss*, 206 Ill. 2d 503, 522 (2003); *Harvey*, 366 Ill. App. 3d at 131. Similar to the facts present in *Harvey*, at the time defendant herein was sentenced in 2003, the armed robbery statute provided that armed robbery committed while "armed with a firearm" (720 ILCS 5/18–2(a)(2) (West 2000)), "is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court" (720 ILCS 5/18–2(b) (West 2002)). However, in *People v. Walden*, 199 Ill. 2d 392, 397 (2002), overruled by *People v. Sharpe*, 216 Ill. 2d 481 (2005), this court held that pursuant to the cross-comparison test, the statutory 15-year mandatory enhancement for armed robbery while armed with a firearm violated the proportionate penalties clause of the Illinois Constitution and was "unenforceable." Consequently, the trial courts in the instant case and in *Harvey* found that they lacked the authority, pursuant to *Walden*, to impose the 15-year "add on penalty" to the defendants' Class X sentences for armed robbery while armed with a firearm. 364 Ill. App. 3d at 210; *Harvey*, 366 Ill. App. 3d at 131. Accordingly, following defendant's conviction and sentencing hearing, the trial court herein imposed a 12-year term, which was within " 'the regular un-enhanced sentencing provisions' " for the Class X offense of armed robbery. 364 Ill. App. 3d at 210-11; 720 ILCS 5/18–2(b) (West 2000); 730 ILCS 5/5–8–1(a)(3) (West 2000); *cf. People v. Harvey*, 196 Ill. 2d 444, 448 (2001) (if a trial court imposes a sentence greater than that permitted by statute, the excess portion of the sentence is void).

Similarly, the attempted murder statute provided, at the time of defendant's sentencing, that "an attempt to commit first degree murder while armed with a firearm is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court." 720 ILCS 5/8–4(c)(1)(B) (West 2000). However, in *People v. Morgan*, 203 Ill. 2d 470, 491-92 (2003), overruled by *People v.*

*Sharpe*, 216 Ill. 2d 481 (2005), this court, using a cross-comparison analysis, struck down the 15-year enhancement for attempted first degree murder where "a firearm was in defendant's possession," as unconstitutionally disproportionate to second degree murder. Accordingly, under *Morgan*, the trial court herein found that it was prohibited from imposing the enhanced portion of the penalty, and therefore sentenced defendant to a nonenhanced term of 18 years' imprisonment, within the 6- to 30-year range for the Class X felony of attempted murder. 364 Ill. App. 3d at 207-08, 223; 720 ILCS 5/8–4(c)(1) (West 2000); 730 ILCS 5/5–8–1(a)(3) (West 2000).

As in *People v. Harvey*, 366 Ill. App. 3d 119 (2006), this court decided *Sharpe*, which expressly overruled the decisions in *Walden* and *Morgan*, while defendant's case was pending on direct review. In *Sharpe*, this court stated:

> "After much reflection, we have concluded that cross-comparison analysis has proved to be nothing but problematic and unworkable, and that it needs to be abandoned. Those cases that used such an analysis to invalidate a penalty are overruled, and this court will no longer use the proportionate penalties clause to judge a penalty in relation to the penalty for an offense with different elements." *Sharpe*, 216 Ill. 2d at 519.

Thus, *Sharpe* effectively "revived" the constitutionality of the 15-year add on penalty for armed robbery while armed with a firearm and attempted murder while armed with a firearm. See *Harvey*, 366 Ill. App. 3d at 131. Put another way, because cross-comparison proportionate penalties review was no longer part of our jurisprudence following *Sharpe*, the *Walden* and *Morgan* decisions no longer supported a finding that the 15-year sentencing enhancement for armed robbery while armed with a firearm and attempted murder while armed with a firearm violated the proportionate penalties clause of the Illinois Constitution. See 364 Ill. App. 3d at 213, citing *Sharpe*, 216 Ill. 2d at 516-23; *People v. Guevara*, 216 Ill. 2d 533, 544-45 (2005). The question which we must now answer is whether *Sharpe* should be applied retroactively to defendant's case, which was pending when our decision in *Sharpe* was rendered.

The State argues that *Sharpe*, which announced a new constitutional rule, is to be applied retroactively so that defendant is now eligible to be sentenced as mandated by the statutory 15-year

sentence enhancement for both armed robbery while armed with a firearm (720 ILCS 5/18–2(a)(2) (West 2000)), and attempted murder while armed with a firearm (720 ILCS 5/8–4(c)(1)(B) (West 2000)). Defendant contends that applying *Sharpe* retrospectively to vacate nonenhanced sentences that were valid under the prior caselaw would violate due process by making the law less favorable to him than it previously was, and by denying him his right to notice and fair warning. We agree with the State.

We initially observe that the issue of the State's right to appeal defendant's sentence is not before us because defendant, either originally or on rehearing, appealed his armed robbery and attempted murder convictions, and Supreme Court Rule 615(b) specifically grants this court the authority to "modify the judgment or order from which the appeal is taken." 134 Ill. 2d R. 615(b)(1); see also *People v. Dixon*, 91 Ill. 2d 346, 352-54 (1982); *People v. Scott*, 69 Ill. 2d 85, 88 (1977). It is well established that judicial opinions announcing new constitutional rules applicable to criminal cases are retroactive to those cases pending on direct review at the time the new rule is announced. *People v. Ford*, 198 Ill. 2d 68, 72-73 (2001); *People v. Erickson*, 117 Ill. 2d 271, 288 (1987), citing *Griffith v. Kentucky*, 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708 (1987); *Harvey*, 366 Ill. App. 3d at 132. As the Supreme Court noted in *Griffith*, the failure to apply a new constitutional rule to criminal cases pending on direct review, even when that rule is a " 'clear break' [from] the past," violates the basic norms of constitutional adjudication. *Griffith*, 479 U.S. at 322, 328, 93 L. Ed. 2d at 658, 661, 107 S. Ct. at 713, 716. Under this reasoning, we find that the rule announced in *Sharpe* is of constitutional dimension (see *People v. Gersch*, 135 Ill. 2d 384, 393-95 (1990) (distinguishing a new rule of law that is statutory in origin from one that is constitutionally based)) and, therefore applicable to defendant's case. See *Harvey*, 336 Ill. App. 3d at 132. This conclusion is consistent with our decision in *Guevara* which, in a case pending on direct appeal at the time *Sharpe* was decided, applied the holding in *Sharpe*, overturning *Moss*, to reverse and remand a trial court's dismissal of the defendant's indictment for home invasion based on *Moss*. *Guevara*, 216 Ill. 2d at 539, 544-45, see also *Harvey*, 366 Ill. App. 3d at 132; *People v. James*, 362 Ill. App. 3d 1202, 1206-07 (2006) (finding that defendant's request to reduce his sentence for

home invasion by 15 years because the mandatory 15-year enhancement violated the proportionate penalties clause was foreclosed by *Guevara*, even though he was sentenced prior to that decision and while *Moss* had arguably invalidated the enhanced sentencing provision for that offense).

Defendant argues that despite our holding in *Guevara*, *Sharpe* cannot be applied retroactively to his case because *Sharpe* makes the law less favorable to him than it was at the time of his sentencing. He cites *Bouie v. City of Columbia*, 378 U.S. 347, 12 L. Ed. 2d 894, 84 S. Ct. 1697 (1964), where the United States Supreme Court held that South Carolina could not retroactively apply a judicial decision interpreting a criminal trespass statute in a way that expanded the scope of the statute. Defendant claims that although applying *Sharpe* retroactively would not expand the reach of the armed robbery and attempted murder statutes by applying it to conduct that had previously been lawful, it would increase the penalty range for each offense beyond what could have been imposed when defendant was sentenced.

We find defendant's reliance on *Bouie* unpersuasive. As defendant concedes, unlike *Bouie*, his conduct was prohibited by law at all relevant points in time. Additionally, when defendant committed the armed robbery and attempted murder in 2001, the enhanced sentences for those offenses had not yet been found unconstitutional. While it is correct to say that a defendant has a choice under which sentencing scheme he wishes to be sentenced, *i.e.*, the law in effect at the time the offense was committed or that in effect at the time of sentencing (*People v. Hollins*, 51 Ill. 2d 68, 71 (1972); *People v. Malin*, 359 Ill. App. 3d 257, 261 (2005)), here, it was not the legislature which changed the enhanced sentencing scheme during the pendency of defendant's case, but this court, in *Walden* and *Morgan*, which held a portion of that sentencing scheme unconstitutional, and then overruled itself in *Sharpe*. Thus, we find that the "new rule" in *Sharpe*, announced while defendant's case was pending on direct appeal, does not afford defendant the same "choice of sentencing law" applicable where a statutory change occurs during the prosecution of a defendant's case.

We are similarly unpersuaded by defendant's argument that his due process rights to notice and fair warning bar application of the 15-

year firearm enhancements. While defendant contends that *Sharpe*'s restricted interpretation of the proportionate penalties clause was a sudden and radical departure from prior law, we find that despite the proportionality attacks to the 15/20/25-to-life sentence enhancements, the statutes at issue remained intact and defendant was therefore on notice that his conduct might fall within their scope. See *Harvey*, 366 Ill. App. 3d at 133; see also *Rogers v. Tennessee*, 532 U.S. 451, 462-67, 149 L. Ed. 2d 697, 708-11, 121 S. Ct. 1693, 1700-03 (2001) (Tennessee Supreme Court did not violate due process in judicially abolishing the common law "year and a day rule" in murder cases and applying that ruling to case of defendant which occurred when rule was still in effect, because abolition of rule was neither "unexpected" nor "indefensible" in light of prior court decisions). Furthermore, defendant has not suggested that his purported reliance on the unconstitutionality of the sentencing enhancements for armed robbery and attempted murder had any effect on his decisions relating to plea bargaining, whether to take a bench or a jury trial, or what trial strategies to employ. See *Harvey*, 366 Ill. App. 3d at 133. We therefore find that defendant is not deprived of due process by application of the *Sharpe* decision.

Having now determined that *Sharpe*'s holding pertains to defendant's case, we must answer the remaining question, *i.e.*, whether *Sharpe* renders defendant's existing nonenhanced sentences void. A sentence is void if it fails to conform to statutory requirements. *People v. Arna*, 168 Ill. 2d 107, 113 (1995). Here, although at the time of defendant's sentencing *Walden* and *Morgan* had rendered the 15-year enhanced penalties for his armed robbery and attempted murder convictions unconstitutional, we find that the overruling of those cases during the pendency of defendant's appeal has made the nonenhanced sentences imposed by the trial court statutorily nonconforming and thus void. See 364 Ill. App. 3d at 223; see also *People v. Garcia*, 179 Ill. 2d 55, 73 (1997) (trial court's imposition of concurrent sentences in certain instances where consecutive sentences were mandated rendered defendants' sentences void). Thus, contrary to defendant's contention in this court, but in accord with his argument adopted by the appellate court, we believe the proper remedy in this instance is to remand the cause to the trial court for a new sentencing hearing. 364 Ill. App. 3d at 223-24, citing

*Arna*, 168 Ill. 2d at 112-13 (it was within appellate court's authority to remand cause to trial court for determination of appropriate sentences to be imposed consecutively where imposition of concurrent sentences did not conform to statutory requirement and was void). This procedure will provide the trial court an opportunity to determine, within the statutory sentencing range, the length of the sentence for each offense while considering defendant's sentence in its totality. *People ex rel. Waller v. McKoski*, 195 Ill. 2d 393, 401-02 (2001) (where trial court's judgment vacated as void and remanded for resentencing with sentences to run consecutively, "[i]t remains within the discretion of the circuit court to determine, within the permissible statutory sentencing range [citations], the length of each sentence to be imposed"); see also *Guevara*, 216 Ill. 2d at 545, 547 (reversal of trial court's judgment and remand for further proceedings required where trial court had dismissed home invasion count as unconstitutional due to proportionate penalties violation which was overturned on appeal). Accordingly, we hold that defendant's 18-year sentence for attempted murder while armed with a firearm must be vacated and the cause remanded to the trial court to impose a sentence within the Class X range, enhanced by the 15-year mandatory penalty set forth in 720 ILCS 5/8–4(c)(1)(B) (West 2000).

Although our decision on the retroactivity of *Sharpe* also makes defendant eligible for a mandatory 15-year enhancement of his armed robbery while armed with a firearm conviction (720 ILCS 5/18–2(a)(2), (b) (West 2000)), our disposition of this issue requires consideration of defendant's first contention: that sentencing him to an enhanced term violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11). Defendant contends that the appellate court erred in rejecting his proportionate penalties clause challenge to his armed robbery while armed with a firearm conviction because, under the identical elements test, his conviction for armed robbery while armed with a firearm is significantly more severe than the sentence for the equivalent offense of armed violence predicated on robbery with a category I or category II weapon (720 ILCS 5/18–2(a)(2), 33A–2(a) (West 2000)).[2] Defendant argues that

---

[2] A category I weapon is a handgun, sawed-off shotgun, sawed-off rifle, any other firearm small enough to be concealed upon a person,

the appropriate relief for this violation of the proportionate penalties clause is a reversal of his conviction for armed robbery while armed with a firearm, a reduction of the offense to the lesser-included offense of simple robbery, and remand of the cause for sentencing on the reduced charge.

As this court stated in *Sharpe*:

"All statutes carry a strong presumption of constitutionality. [Citation.] To overcome this presumption, the party challenging the statute must clearly establish that it violates the constitution. [Citation.] We generally defer to the legislature in the sentencing arena because the legislature is institutionally better equipped to gauge the seriousness of various offenses and to fashion sentences accordingly. [Citation.]" *Sharpe*, 216 Ill. 2d at 487.

The proportionate penalties clause provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, §11. "In analyzing a proportionate penalties challenge, our ultimate inquiry is whether the legislature has set the sentence in accord with the seriousness of the offense." *Guevara*, 216 Ill. 2d at 543. As the constitutionality of a statute is purely a matter of law, we review the question *de novo*. *Sharpe*, 216 Ill. 2d at 486-87.

"The identical elements test is an appropriate form of proportionality review." *Harvey*, 366 Ill. App. 3d at 133; see also *Guevara*, 216 Ill. 2d at 544. In *People v. Christy*, 139 Ill. 2d 172 (1990), this court examined the defendant's claim that his sentence for armed violence predicated on kidnaping with a category I weapon, a Class X felony punishable by 6 to 30 years' imprisonment, was unconstitutionally disproportionate to the penalty for aggravated kidnaping, a Class I felony punishable by 4 to 15 years' imprisonment, because the elements of the offenses were identical. This court agreed, finding that because the elements were identical and armed violence

---

semiautomatic firearm or machine gun. 720 ILCS 5/33A–1(c)(2) (West 2000). The parties do not dispute the fact that the firearm defendant used in the commission of the armed robbery involved herein was a category I weapon.

was punished more severely, the defendant was entitled to have his conviction for armed violence vacated and the cause remanded for sentencing on the offense with the lesser penalty, aggravated kidnaping. *Christy*, 139 Ill. 2d at 174, 181.

In *People v. Lewis*, 175 Ill. 2d 412 (1996), the defendant was charged with armed robbery and armed violence predicated on robbery committed with a category I weapon. At the time *Lewis* was decided, prior to the enactment of Public Act 91–404, armed robbery was a Class X offense punishable by 6 to 30 years' imprisonment, and armed violence predicated on robbery with a category I weapon was punishable by 15 to 30 years' imprisonment. *Lewis*, 175 Ill. 2d at 418. In the trial court, the defendant argued that the penalty for the offense of armed violence predicated on robbery violated the proportionate penalties clause because it was unconstitutionally disproportionate to the penalty for the offense of armed robbery under an identical-elements test. The trial court agreed and dismissed the armed violence charge. *Lewis*, 175 Ill. 2d at 414-15. This court affirmed the trial court's finding that the two offenses had identical elements and its dismissal of the charge of armed violence predicated on robbery, reasoning that the application of the armed violence statute violated the proportionate penalties clause. *Lewis*, 175 Ill. 2d at 415-24.

The appellate court herein, when faced with the same proportionate penalties, identical-elements challenge, found that because the *Lewis* court determined that the penalty for armed violence predicated on robbery was unconstitutionally disproportionate to the penalty for armed robbery, the offense of armed violence "ceased to exist" after *Lewis*, so that it could not be used as a basis to conduct a proportionate penalties analysis. 364 Ill. App. 3d at 217. Thus, the court rejected defendant's proportionate penalties argument. 364 Ill. App. 3d at 217.

Contrary to the appellate court's conclusion, we hold that the comparison of armed robbery while armed with a firearm and armed violence predicated on robbery is permissible. While *Lewis*, 175 Ill. 2d at 423, found the sentencing scheme for armed violence predicated on armed robbery to be unconstitutional as penalizing the same conduct more severely than did the armed robbery statute, and therefore unavailable to prosecutors, that prohibition was eradicated by the legislature's enactment of Public Act 91–404. In other words, Public

Act 91–404 "revived" the offense of armed violence predicated on robbery when it amended the sentence for certain armed robberies to add the 15/20/25-to-life provisions, creating more severe penalties for those offenses than for armed violence predicated on robbery. See *Harvey*, 366 Ill. App. 3d at 127. Therefore, we agree with the appellate court in *Harvey* that, because the penalty for armed robbery while armed with a firearm (720 ILCS 5/18–2(a)(2), (b) (West 2000)) is now greater than the penalty for armed violence predicated on robbery with a category I or category II weapon (720 ILCS 5/33A–2(a), 33A–3(a) (West 2000)), the holding in *Lewis* cannot be used as a basis to preclude comparison of the "revived" armed violence offense to armed robbery while armed with a firearm for purposes of proportionality review. See *Harvey*, 366 Ill. App. 3d at 127.

We also reject the State's claim that because the legislature, in enacting Public Act 91–404, excluded armed robbery as a predicate offense of armed violence, it is inappropriate to compare the offenses using the identical-elements test. Although it is true that Public Act 91–404 expressly excluded *armed robbery* as a predicate offense for armed violence, the offense of *robbery* was not excluded (720 ILCS 5/33A–2(a) (West 2000)). The armed violence statute includes, as an element of the offense, the commission of certain felonies, including robbery, "while armed with a dangerous weapon." 720 ILCS 5/33A–2(a) (West 2000). It therefore follows that every charge of armed violence predicated on robbery would also be an *armed* robbery. Thus, because the armed violence statute unambiguously allows robbery to serve as a predicate offense, and those robberies are inherently committed while armed, we must enforce the statute as enacted and may not depart from the language by creating exceptions, limitations, or conditions not expressed by the legislature. See *People v. Harvey*, 366 Ill. App. 3d at 128, citing *People v. Woodard*, 175 Ill. 2d 435, 443 (1997).

Accordingly, we must now compare section 18–2(a)(2) of the armed robbery statute with section 33A–2(a) of the armed violence statute, as they exist today, to determine whether these two offenses have identical elements but disparate sentences. In this case, defendant was convicted of armed robbery while armed with a firearm. A person commits that offense when he "takes property *** from the person or

presence of another by the use of force or by threatening the imminent use of force" (720 ILCS 5/18–1(a) (West 2000)), and he "carries on or about his *** person or is otherwise armed with a firearm" (720 ILCS 5/18–2(a)(2) (West 2000)). A person commits the offense of armed violence predicated on robbery when, "while armed with a dangerous weapon, he commits [robbery (720 ILCS 5/18–1 (West 2000))]." 720 ILCS 5/33A–2(a) (West 2000). A person is considered to be "armed with a dangerous weapon" in the context of the armed violence statute "when he or she carries on or about his or her person or is otherwise armed with a Category I, Category II, or Category III weapon." 720 ILCS 33A–1(c)(1) (West 2000). Clearly, the statutory elements of these offenses are identical, and proportionate penalties analysis is therefore appropriate. See *Harvey*, 366 Ill. App. 3d at 128, 133-34.

Given that we have determined the elements of armed robbery while armed with a firearm and armed violence predicated on robbery with a category I or category II weapon are identical, "common sense and sound logic would seemingly dictate that their penalties be identical." *Christy*, 139 Ill. 2d at 181. However, the penalties for these offenses are not identical. A violation of section 18–2(a)(2) is a Class X felony, which carries a 6 to 30 year term, with a mandatory "add-on penalty" of 15 years, making the possible sentence for armed robbery while armed with a firearm 21 to 45 years (720 ILCS 5/18–2(a)(2), (b) (West 2000)), while a violation of section 33A–2(a) of the armed violence statute is a Class X felony punishable by a sentence ranging from 15 to 30 years (720 ILCS 5/33A–3(a) (West 2000)). Thus, in accordance with our holdings in *Christy* and *Lewis*, we find defendant's sentence for armed robbery while armed with a firearm (720 ILCS 5/18–2(b) (West 2000)) violates the proportionate penalties clause because the penalty for that offense is more severe than the penalty for the identical offense of armed violence predicated on robbery with a category I or category II weapon (720 ILCS 5/33A–3(a), (a–5) (West 2000)).

Further, we agree with the appellate court in *Harvey*, 366 Ill. App. 3d at 130, that although the State is not required to proceed on a lesser offense when there is evidence sufficient to convict of a greater offense (see *People v. Cummings*, 351 Ill. App. 3d 343, 347-48 (2004)), it is impermissible to allow the constitutional prohibition

against disproportionate penalties for identical crimes to be relaxed where the State decides to proceed only with the crime carrying a greater penalty. The court in *Lewis* rejected an argument by the State that the trial court, in dismissing the armed violence charge as violating the proportionate penalties clause, usurped the State's discretion in evaluating the evidence and deciding what offenses to charge. *Lewis*, 175 Ill. 2d at 422. The court cited the following language from *Christy*:

> " 'Generally, prosecutorial discretion is a valuable aspect of the criminal justice system. [Citation.] In the present case, however, prosecutorial discretion will effectively nullify the aggravated kidnapping statute, as skilled State's Attorneys will usually seek the more severe sentence and, therefore, charge defendants with armed violence rather than aggravated kidnapping. An ineffective aggravated kidnapping statute is not what the legislature intended when it enacted both the armed violence statute and aggravated kidnapping statutes.' *Christy*, 139 Ill. 2d at 180." *Lewis*, 175 Ill. 2d at 417.

The *Lewis* court went on to say that the State's argument misconstrues the nature of the defendant's challenge to the armed violence statute. *Lewis*, 175 Ill. 2d at 422. The defendant did not allege improper use of prosecutorial discretion, rather, he argued the State had no authority, discretionary or otherwise, to charge the offense because it violated the proportionate penalties clause. *Lewis*, 175 Ill. 2d at 422. Therefore, here, while the State was not required to charge defendant with the "lesser offense" of armed violence predicated on robbery with a category I or category II weapon, because the evidence at trial clearly established, and defendant does not contest, his guilt of armed robbery while armed with a firearm, we must determine the appropriate sentence for this latter offense given the proportionate penalties violation.

Although *Sharpe* applies retroactively to defendant's case, because we have found that the current sentencing statute for armed robbery while armed with a firearm violates the proportionate penalties clause of the Illinois Constitution, the trial court is precluded on resentencing from using this statutory scheme. See *Harvey*, 366 Ill. App. 3d at 134. However, defendant was originally sentenced while *Walden* was still good law, invalidating the enhanced penalty for armed robbery while armed with a firearm as unconstitutionally

disproportionate under a cross-comparison analysis. Thus, the trial court herein chose to impose a term of imprisonment in accordance with the armed robbery statute as it existed before its amendment by Public Act 91–404, which added the 15-year sentence enhancement. 364 Ill. App. 3d at 210. Prior to being amended by Public Act 91–404, armed robbery was a Class X felony punishable by 6 to 30 years' imprisonment (720 ILCS 5/18–2(b) (West 1998); 730 ILCS 5/5–8–1(a)(3) (West 1998)), and the trial court sentenced defendant, within this range, to a 12-year term.

We agree with the trial court's reasoning and therefore hold that, when an amended sentencing statute has been found to violate the proportionate penalties clause, the proper remedy is to remand for resentencing in accordance with the statute as it existed prior to the amendment. See *People v. Pizano*, 347 Ill. App. 3d 128, 136 (2004) (proper remedy where a statutory amendment is found to have violated proportionate penalties clause is to remand the cause for a new sentencing hearing under the statute in effect before the adoption of the amendment); see also *People v. Gersch*, 135 Ill. 2d 384, 390 (1990) ("The effect of enacting an unconstitutional amendment to a statute is to leave the law in force as it was before the adoption of the amendment"). Thus, while the 12-year term originally imposed on defendant is a proper one, we remand, as earlier noted, in order to allow the trial court to reevaluate defendant's sentence in light of his cumulative sentence and to then resentence him within the range for armed robbery as it existed prior to being amended by Public Act 91–404, eff. January 1, 2000. In light of this holding, we reject defendant's claim that his armed robbery while armed with a firearm conviction should be reduced to "simple robbery."

Finally, we address defendant's contention that his 65-year consecutive aggregate sentence is excessive and unfairly harsh when compared to that of his codefendant, Warden. We note that, upon rehearing in the appellate court, defendant argued only that his home invasion sentence was excessive as compared to Warden, and that because we have now vacated defendant's sentences for both attempted murder while armed with a firearm and armed robbery while armed with a firearm, the 65-year cumulative sentence no longer exists. However, because on remand the trial court will be required to

impose a consecutive aggregate sentence of similar or greater length,[3] we choose to address the issue. See *In re C.R.H.*, 163 Ill. 2d at 274.

Absent an abuse of discretion by the trial court, sentences may not be altered on review. *People v. Stacey*, 193 Ill. 2d 203, 209-10 (2000). "[A] sentence within statutory limits will be deemed excessive and the result of an abuse of discretion by the trial court where the sentence is greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *Stacey*, 193 Ill. 2d at 210. Here, defendant contends that the appropriateness of his sentence cannot be meaningfully determined without considering the 12-year aggregate consecutive sentence given to Warden. Warden, however, though charged with the same offenses as defendant, made an agreement with the State to testify against defendant in exchange for the opportunity to enter a plea of guilty to reduced charges.

Defendant concedes that, generally, one who proceeds to trial cannot compare his sentence to the sentence imposed on a codefendant who entered a negotiated guilty plea. *People v. Caballero*, 179 Ill. 2d 205, 217 (1997). He argues, nevertheless, that this general rule "should not be applied blindly or mechanically." In *Caballero*, 179 Ill. 2d at 218, this court refused to compare one defendant's posttrial sentence to another defendant's negotiated sentence because "dispositional concessions are properly granted to defendants who plead guilty when the interest of the public in the effective administration of criminal justice would thereby be served." Here, as in *Caballero*, 179 Ill. 2d at 218, by pleading guilty, Warden: "(1) acknowledged his guilt and showed willingness to assume responsibility for his conduct; (2) made a public trial unnecessary; and (3) gave cooperation which resulted in the successful prosecution of another offender engaged in equally serious or more serious criminal conduct."

---

[3]The minimum cumulative sentence which the trial court could impose on remand is 62 years' imprisonment, *i.e.*, the existing concurrent 35- and 2-year respective terms for home invasion and criminal damage to property, plus new consecutive minimum terms of 21 years' imprisonment for attempted murder while armed with a firearm and 6 years' imprisonment for armed robbery. See 720 ILCS 5/8–4(c)(1)(B) (West 2000); 720 ILCS 5/18–2(b) (West 2000); 730 ILCS 5/5–8–1(a)(3) (West 1998).

Defendant contends that a "defendant should not lose his right to challenge the fairness of his sentence in comparison to a codefendant's sentence simply because the State made a strategic decision, accepted by the trial court, to boost its case against the defendant by using its bargaining power to secure the testimony of the codefendant." While we agree that Warden was placed in a different position from defendant because "the State put him in that position," we also agree with the State that this result occurs in *every* case involving a negotiated plea agreement based upon a promise to testify in a codefendant's case. Thus, given this court's clearly stated belief in the public benefit obtained through the State's ability to negotiate such plea agreements (*Caballero*, 179 Ill. 2d at 218), we find that the trial court in this case did not abuse its discretion in failing to compare the reduced sentence imposed on codefendant Warden, with the sentence defendant received following a jury trial.

CONCLUSION

Based upon the foregoing, we affirm that portion of the appellate court's judgment which vacates defendant's nonenhanced sentence for attempted murder and directs the circuit court, on remand, to conduct a new sentencing hearing wherein the 15-year penalty mandated by 720 ILCS 5/8–4(c)(1)(B) (West 2000), is added to the base term of between 6 and 30 years for this Class X offense. We further affirm the appellate court's judgment vacating defendant's sentence for armed robbery, but reverse the appellate court's directive on remand, and instruct the circuit court to resentence defendant to a term of between 6 and 30 years, in accordance with section 18–2 (720 ILCS 5/18–2 (West 1998)), as it existed prior to being amended by Public Act 91–404 (Pub. Act 91–404, eff. January 1, 2000). We affirm the remainder of the appellate court's judgment.

*Appellate court judgment affirmed in part*
*and reversed in part;*
*cause remanded.*