# Illinois Official Reports

## Appellate Court

---

### *People v. Ramirez*, 2017 IL App (1st) 130022-B

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL RAMIREZ, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-13-0022 |
| Filed | December 19, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CR-14064; the Hon. Matthew E. Coghlan, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, Alison L.S. Shah, and Chan Woo Yoon, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Christine Cook, and Monique Patton, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE MASON delivered the judgment of the court, with opinion.<br>Justices Pucinski and Hyman concurred in the judgment and opinion. |

**OPINION**

¶ 1 This case returns to us for the second time following a supervisory order from the supreme court directing us to vacate our judgment in *People v. Ramirez*, No. 1-13-0022 (Aug. 22, 2016) (unpublished summary order under Illinois Supreme Court Rule 23(c)), and reconsider in light of *People v. Veach*, 2017 IL 120649. For the reasons that follow, we again affirm Ramirez's conviction.

¶ 2            BACKGROUND

¶ 3 Following a 2012 jury trial, defendant Daniel Ramirez was convicted of four counts of attempted first degree murder and sentenced to four concurrent terms of 40 years' imprisonment. We set forth the evidence in detail in *People v. Ramirez*, 2015 IL App (1st) 130022, ¶¶ 4-10, and repeat only that necessary to address the issues pertinent to the supervisory order.

¶ 4 On August 9, 2011, at approximately 3:30 p.m., shortly after the students at a nearby high school were dismissed, Ramirez fired multiple shots into a green van driving by the school. Immediately before the shooting, Ramirez was standing on a street corner with a group of people (one of whom provided Ramirez with the gun he used to shoot at the van) who were displaying gang signs and shouting gang slogans at the occupants of the green van, who retorted with slogans of their own. However, in his presentence investigation report, Ramirez denied belonging to any gangs himself.

¶ 5 At sentencing, the trial court stated:

> "The most aggravating facts in the case are the facts. The defendant opens up with a gun on a van full of four other kids. And he's lucky that none of them died. *** It's also senseless. The defendant sits here and says he's not guilty which I certainly do not believe. These witnesses who came *** knew him. His identity is not an issue. The evidence was overwhelming. So he continues not to take responsibility for his actions. *** If he hadn't been involved in the gangs, he may very well have *** gotten a job, been a productive member of society."

¶ 6 Ramirez limited his arguments on direct appeal to errors in sentencing, alleging that the trial court (1) improperly considered the use of a firearm when such use was already the subject of a mandatory firearm enhancement and (2) erroneously relied on an aggravating factor—Ramirez's gang membership—that was not in evidence. Ramirez acknowledged that these issues were forfeited, as he failed to raise them at either the sentencing hearing or the motion to reconsider sentence, but in three sentences at the end of his brief, he asked us to review for plain error. Ramirez did not specify under which prong of the plain error doctrine he was seeking review but cited *People v. James*, 255 Ill. App. 3d 516, 531 (1993), where the court held that consideration of an improper aggravating factor during sentencing *could* implicate the second prong of the plain error doctrine.

¶ 7 We held that Ramirez had forfeited plain error review of his sentence and that the alleged sentencing errors identified by Ramirez did not automatically constitute structural error under the second prong. *Ramirez*, 2015 IL App (1st) 130022, ¶¶ 25-27. In the absence of any argument as to how the court's error was so egregious as to deprive Ramirez of a fair sentencing hearing, we declined to conduct a plain error analysis. *Id.* ¶ 28.

¶ 8	In a petition for rehearing (filed by different counsel), Ramirez developed his plain error argument and alleged that original appellate counsel was ineffective for failing to do so. We denied the petition for rehearing on May 27, 2015, but modified our opinion to clarify that we were not suggesting that consideration of an improper sentencing factor could never affect the fairness of a sentencing hearing and implicate the second prong of the plain error doctrine. *Id.* ¶ 27.

¶ 9	Ramirez then appealed to the supreme court, which issued a supervisory order dated May 25, 2016. *People v. Ramirez*, No. 119467 (Ill. May 25, 2016) (supervisory order). The court directed us to reconsider our judgment in light of *People v. Clark*, 2016 IL 118845, ¶¶ 45-46, which had been decided in the interim and in which the court held that, for purposes of second-prong plain error review, errors affecting the fairness of trial were not necessarily limited to the six structural errors identified by the United States Supreme Court. In our order of August 22, 2016, we determined that *Clark* did not change the result, given that the basis of our holding was Ramirez's failure to develop his plain error argument in the first place. We further acknowledged Ramirez's argument in his petition for rehearing that his appellate counsel was ineffective for failing to properly argue plain error but held that this argument was better suited for a postconviction petition.

¶ 10	Ramirez petitioned for rehearing from our August 22, 2016, order and, upon denial of his petition, sought review in the supreme court. On September 27, 2017, the supreme court again directed us to reconsider our holding "on the issue of whether defendant's ineffective assistance of counsel claim may be properly considered on direct appeal" in light of *People v. Veach*, 2017 IL 120649. *People v. Ramirez*, No. 121430 (Ill. Sept. 27, 2017) (supervisory order).

¶ 11	ANALYSIS

¶ 12	In *Veach*, our supreme court addressed the practice of appellate courts to categorize claims of ineffective assistance of counsel in order to determine whether to resolve them on direct review. *Veach*, 2017 IL 120649, ¶¶ 32-34. This practice often resulted in courts refusing to address claims of ineffective assistance on direct appeal based on the belief that the record was inadequate to do so. *Id.* ¶¶ 32, 39. The supreme court rejected this categorical approach and instructed courts to "carefully consider each ineffective assistance of counsel claim on a case-by-case basis." *Id.* ¶ 48. The court went on to explain that because Illinois law requires a defendant to raise an ineffective assistance claim on direct review or risk forfeiting it, courts should only refuse to resolve such claims where the record is "incomplete or inadequate." *Id.* ¶ 46.

¶ 13	At the outset, we note that this case is distinguishable from *Veach* on several bases. First, and most importantly, the court in *Veach* was concerned with claims of ineffective assistance of trial rather than appellate counsel; the latter, for obvious reasons, are almost always raised in collateral proceedings. Indeed, further distinguishing this case from *Veach*, Ramirez did not argue the ineffective assistance claim in his briefs to this court on direct appeal. Rather, new counsel raised the claim for the first time in a petition for rehearing, and as such, it is waived. Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013) ("Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."); see also *People v. Lampkins*, 2015 IL App (1st) 123519, ¶ 9.

¶ 14    Nevertheless, given *Veach*'s admonition to consider ineffective assistance claims on direct review where the record is sufficient to permit review and keeping in mind that waiver operates as a limitation on the parties and not the courts (*In re Madison H.*, 215 Ill. 2d 364, 371 (2005)), we address the merits of Ramirez's ineffective assistance claim.

¶ 15    A claim of ineffective assistance of appellate counsel requires a defendant to show (1) counsel's performance was deficient and (2) the deficient representation was prejudicial. *People v. Papaleo*, 2016 IL App (1st) 150947, ¶ 21. Contrary to Ramirez's contention in his petition for rehearing, the element of prejudice is not satisfied where counsel's deficient performance resulted in the forfeiture of a defendant's claim. See *People v. Golden*, 229 Ill. 2d 277, 283 (2008). Rather, prejudice requires a showing that, but for the deficient performance, defendant's appeal would have been successful. *People v. Petrenko*, 237 Ill. 2d 490, 497 (2010). While we agree that counsel was deficient for failing to develop a plain error argument, we do not believe Ramirez was prejudiced by this deficiency.

¶ 16    Plain error preserves otherwise forfeited errors for review. In the sentencing context, the doctrine requires a defendant to show that a clear and obvious error occurred and that (1) the evidence at the sentencing hearing was closely balanced or (2) the error was egregious so as to deny the defendant a fair sentencing hearing. *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). In his petition for rehearing, Ramirez invoked the second prong of plain error review, arguing that the trial court's error deprived him of a fair sentencing hearing. But we need not undertake a plain error analysis because we do not believe any error occurred.

¶ 17    A sentence within statutory guidelines is presumptively valid. *People v. Hauschild*, 226 Ill. 2d 63, 90 (2007). The court's passing reference to the fact that Ramirez's attempted murder convictions involved him shooting into a van does not, without more, support his claim that the court imposed both a longer sentence and a 25-year firearm enhancement based on Ramirez's conduct in firing a gun. See *People v. Kiybayasi*, 2013 IL App (1st) 112291, ¶ 56 ("unrealistic to suggest" that court must refrain from mentioning that defendant's actions caused victim's death during sentencing for murder); *People v. Solano*, 221 Ill. App. 3d 272, 274 (1991) (degree of harm to victim properly considered as aggravating factor even in cases where serious bodily harm is implicit in the offense). The record reveals that the aggravating circumstances here were that Ramirez chose to fire multiple times into an occupied vehicle in a school neighborhood populated with students, teachers, and parents at dismissal time. These factors are not inherent in the offenses with which Ramirez was charged.

¶ 18    Likewise, the record does not reveal that the court imposed a longer sentence due to Ramirez's unproven gang membership. Rather, the court made the observation, borne out by the evidence, that Ramirez's life might have taken a different course had he not chosen to be "involved in the gangs." Whether Ramirez was a gang member was beside the point. By taking a gun from a member of the group shouting gang slogans and throwing gang signs at the occupants of the van doing the same and shooting into the van multiple times (conduct Ramirez continued to refuse to take responsibility for at sentencing), Ramirez was "involved" in gang activity, whether he was a member or not.

¶ 19    Because we conclude that the trial court did not commit error in sentencing Ramirez, a well-developed plain error argument would not have been successful, and Ramirez was therefore not prejudiced by his appellate counsel's deficient performance.

¶ 20                             CONCLUSION

¶ 21         For these reasons, we affirm Ramirez's conviction.

¶ 22         Affirmed.